## ABBOTT et al. v. AMERICAN MACHINE & FOUNDRY CO.

United States District Court
S. D. New York.
June 2, 1949.
Supplemental Opinion.
Aug. 22, 1949.

Frank Scheiner, New York City, for plaintiff.

Rogers, Hoge & Hills, New York City (George S. Hills, Andrew J. Graham, Mercer L. Stockell, New York City, of counsel), for defendant.

RIFKIND, District Judge.

This is a motion made by defendant, under Rule 12(b) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint for lack of jurisdiction over the subject matter.

The action is another of the many commenced under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., after Anderson v. Mt. Clemens Pottery Co., 1946, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515, and before the enactment of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., in which actions by amendment of pleadings and otherwise, plaintiffs have been struggling to find a chink in the iron barrier against recovery erected by that statute. In this case an amended complaint was filed on October 28, 1947, which is possibly sufficient on its face. Markert v. Swift & Co., 2 Cir., 1949, 173 F.2d 517. True, the allegation which is designed to bring the claim within the terms of § 252 of Title 29 U.S.C.A., is to the effect that the activities for which compensation is sought were compensable by contract "and/or" custom. But that alone is insufficient to condemn it. Rule 8(e) (2).

In any event, defendant has not addressed its motion to the face of the complaint. Its motion is accompanied by elaborate affidavits and documentation designed to show that that allegation of the complaint is sham. Unlike the New York Rules of Civil Practice, Rule 103, the Federal Rules of Civil Procedure do not authorize a motion to strike part or all of a pleading on the ground that it is sham. See Rule 12(f), F.R.Civ.P. The motion was not made under Rule 56 for summary judgment nor, having been made before answer, can it be regarded as such a motion under Rule 12(c); nor, since it is not a motion to dismiss for failure to state a claim upon which relief can be granted, can it be treated as a motion for summary judgment under Rule 12(b).

312

■ Despite these technical difficulties, it seems prudent that before consuming the time and expense of trying this long case, involving a great many plaintiffs and covering the period beginning October 24, 1938, the court should have greater assurance of its jurisdiction than is afforded by the complaint and the answering affidavit submitted by the attorneys for the plaintiffs. For instance, it would appear from such affidavit that the custom or practice relied on to make preliminary or postliminary "walking time" compensable is that maintenance and repairmen "constantly walk around the plant in connection with their duties of taking care of the various machines". If that is all which supports plaintiff's claim, its absurdity would be quite clear. On the other hand, the complaint contains an allegation concerning preservation and maintenance of equipment which may well be beyond the scope of the Portal-to-Portal Act. See Markert v. Swift & Co., 2 Cir., 1949, 173 F.2d 517, footnote 6. In order to expedite what have already been unduly protracted proceedings I shall hold defendant's motion in abeyance pending the receipt from plaintiff of a statement, in the nature of a statement under Rule 12(e), wherein the plaintiff shall specify: 1. Precisely what contracts and what provisions thereof, written or oral, are relied on to support jurisdiction; if written, a copy is to be annexed unless it is already incorporated in defendant's motion papers; if oral, a precise statement of their terms is to be given. 2. Precisely what custom or practice, defining it closely, is relied on to support jurisdiction. 3. Under both 1 and 2, the statement should specify what portion of the period embraced in the complaint is covered by any particular contract or custom. 4. A more detailed statement of the allegation [8(H)] of the complaint relating to preservation or maintenance of machinery and a particularization whether it applies to all the plaintiffs or only some of them and, if so, to which.

■ Such a statement is ordered to be filed and served within ten days from the date hereof, on pain of dismissal of the complaint. Upon the receipt of such a statement I shall be in better position to decide whether the court has jurisdiction of the subject matter.

### Supplemental Memorandum

The amended complaint asserts a claim on behalf of several hundred employees of defendant under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., alleging a failure by defendant to comply with the overtime provisions of the statute. It declares that the time devoted by the plaintiffs to certain preliminary and postliminary activities has not been taken into account in calculating the compensation paid them.

The preliminary activities are stated to be walking, clock punching, obtaining equipment and "other necessary preparations". The postliminary activities are stated to be preserving equipment, storing equipment, walking, clock punching, washing and clothes-changing. It is alleged that similar activities were also pursued during lunch time.

In order to bring the case within the court's jurisdiction under the Portal-to-Portal Act, 29 U.S.C.A. § 252, the amended complaint alleges that the uncompensated activities were "compensable by the provisions of a contract or contracts in effect at the time of such activities * * * and/or by a custom or practice covering such activities in effect at the time of such activities * * *".

The defendant made a motion, supported by elaborate affidavits, to dismiss the action for lack of jurisdiction. The burden of the affidavits was to show the absence of such contract or custom as the amended complaint alleged. The plaintiffs too filed an affidavit by their attorney. Because the latter affidavit failed to satisfy me that the court had jurisdiction, I filed a memorandum dated June 2, 1949 (to which reference is made) directing plaintiffs to file a statement specifying the contract or custom relied upon.

■ On June 13, 1949, such a statement was filed. An answering affidavit was received from defendant and additional argument was subsequently had. From the statement filed by the plaintiffs it is quite clear that the claim can not be supported by contract. The contractual provisions

assigned in support of the claim do no more than express the employer's obligation to pay compensation at time and a half rates for work in excess of the hours therein specified. They do not, of themselves, make preliminary or postliminary activities compensable.

The responses set forth in the plaintiffs' statement concerning custom or practice are less than precise. No custom or practice is recited which has any bearing on the compensability of walking, clock punching or obtaining tools. Concerning clothes-changing and washing the statement declares that workers in the foundry and on coal piles frequently washed and changed clothes during working hours. No custom is alleged making such activities compensable after working hours. 29 U. S.C.A. § 252(b). On the contrary the statement declares that it was the custom not to pay for such activities when engaged in after working hours. Concerning the care of equipment, treated as a postliminary activity, the statement recites that, during working hours, a machinist or maintenance man who used a tool in his operation would, when he had no further need of it, clean it and return it to its crib. Such time was, of course, paid for. It does not allege a custom or practice to pay for such activity when pursued after working hours. On the contrary, the statement declares that when tools were kept at the workplaces until the end of the working period it was the custom not to compensate for the time employed in cleaning and restoring the tools to their appropriate cribs. It follows that plaintiffs have not shown either contract or custom to compensate for the preliminary or postliminary activities recited in the amended complaint.

It does not follow that the court is entirely without jurisdiction. It may be that with respect to the single item of the care of tools the complaint need not show contract or custom, that such activity is an integral part of the principal activity and that such activity is compensable not only under section 4 but also under section 2 of the Act. 29 U.S.C.A. §§ 254, 252; see Marker v. Swift & Co., 2 Cir., 1949, 173 F. 2d 517, 521. It may well be that whether the care of tools in a particular case in an integral part of the principal activity depends upon the facts of that case. A distinction might be recognized between wiping a penpoint and cleaning a drill press.

I conclude that the motion to dismiss for want of jurisdiction must be granted as to all parts of the claim except the claim relating to care of tools.

In view of the sharp narrowing of the issues which this decision effects, it will facilitate the trial and pretrial proceedings if plaintiffs will file a statement showing which of the many hundreds of them assert a claim under the Fair Labor Standards Act for care of tools. The order will so provide. Submit order on notice.