William R. VAN VALKENBURG,
Plaintiff,

v.

MIDLAND STEAMSHIP LINE, Inc.,
Defendant.

Civ. A. No. 6921.

United States District Court
W. D. New York.

Jan. 3, 1956.

S. Eldridge Sampliner, Cleveland, Ohio (Charles R. Sandler, Buffalo, N. Y., of counsel), for plaintiff.

Russell V. Bleecker, Cleveland, Ohio (William J. Regan, Buffalo, N. Y., of counsel), for defendant.

MORGAN, District Judge.

Plaintiff sues the Midland Steamship Line, Inc. for negligence under the Jones Act, 46 U.S.C.A. § 688, and unseaworthiness under the General Maritime Code resulting from injuries sustained in an altercation aboard defendant's vessel between the plaintiff and defendant's servant, an oiler. Plaintiff has also joined a second cause of action for maintenance and cure for the sum of $3,100.

Defendant now moves this Court for an order striking, as a sham pleading, the second cause of action of the complaint for maintenance and cure. Defendant contends that the prayer for $3,100 for maintenance and cure is designed for the purpose of ousting the jurisdiction of the trial court and as a device to obtain a jury trial.

Defendant has submitted no affidavits to indicate that the prayer for $3,100 for maintenance and cure is not one made in good faith. Unlike the New York Rules of Civil Practice, rule 104, the Federal Rules of Civil Procedure rule 12(f), 28 U.S.C.A., do not authorize a motion to strike part or all of a pleading on the ground that it is sham. Abbott v. American Machine & Foundry Co., D.C., 9 F.R.D. 310.

The question of whether the plaintiff has a right to go to the jury on its sec-

ond cause of action for maintenance and cure is left for the discretion of the trial judge. Jordine v. Walling, 3 Cir., 185 F.2d 662; Gonzales v. United Fruit Co., 2 Cir., 193 F.2d 479; Weiss v. Central Railroad Co. of New York, 2 Cir., 235 F.2d 309. Its determination must await the trial.

Motion denied, enter order in accordance with this decision.