Leo MANTIN, Appellant,

v.

BROADCAST MUSIC, Inc., a corporation, et al., Appellees.

No. 15188.

United States Court of Appeals Ninth Circuit.

Oct. 22, 1957.

Fendler & Lerner, Harold A. Fendler, Robert W. Lerner, Robert Haves, Beverly Hills, Cal., for appellant.

Wright, Wright, Green & Wright, Edgar R. Carver, Jr., Richard M. Goldwater, Loyd Wright, Los Angeles, Cal., for appellee.

Before MATHEWS, FEE and CHAMBERS, Circuit Judges.

MATHEWS, Circuit Judge.

In the United States District Court for the Southern District of California, Leo Mantin, hereafter called plaintiff, brought a civil action against 34 defendants. None of the defendants answered. Six of the defendants moved to dismiss the action.[1] None of the other defendants appeared. The District Court granted the motion and entered a judgment dismissing the action. Plaintiff appealed from the judgment.

As heretofore held by us,[2] we have jurisdiction of the appeal.

■ This was a diversity action—an action invoking the District Court's jurisdiction under 28 U.S.C.A. § 1332. After hearing argument on the appeal, we discovered that the complaint alleged, in substance, that each of the defendants was a citizen or corporation of a State other than California or was a foreign corporation, and that plaintiff was a resident of California, but did not allege that plaintiff was a citizen of California. We pointed this out on May 3, 1957.[3] Thereafter, pursuant to 28 U.S.C.A. § 1653, the jurisdictional allegations of the complaint were amended in this court so that they now include an allegation that plaintiff was and is a citizen of California. We accordingly hold that the District Court had jurisdiction of the action.

■ In and by the motion, the moving defendants sought to have the action dismissed in its entirety; which is to say, they sought to have it dismissed not only as to themselves, but also as to the nonmoving defendants; and the District Court did so dismiss it. This was error; for the moving defendants, obviously, had no standing to seek dismissal of the action as to the nonmoving defendants.

■ Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join an indispensable party. * * * If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56,[4] and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

1. The six moving defendants were Broadcast Music, Inc., United Artists Corporation, Columbia Broadcasting System, Inc., Radio Corporation of America, Capitol Records Distributing Corporation (sued as Capitol Records Distributing Co., Inc.) and Columbia Records, Inc. (sued as Columbia Recording Corporation).

2. See Mantin v. Broadcast Music, 9 Cir., 244 F.2d 204.

3. See Mantin v. Broadcast Music, supra.

4. Meaning, obviously, Rule 56 of the Federal Rules of Civil Procedure.

The motion in this action was a motion asserting the defense numbered (6) to dismiss the action for failure of the complaint [5] to state a claim upon which relief could be granted. On this motion, matters outside the complaint were presented to and not excluded by the District Court.[6] Therefore the District Court was required by Rule 12(b) to treat the motion as one for summary judgment; dispose of it as provided in Rule 56; give plaintiff and the moving defendants reasonable opportunity to present all material made pertinent to such a motion by Rule 56;[7] thereupon determine whether the complaint, the depositions, if any, the admissions, if any, the affidavits of Kerby and Janssen and the other affidavits, if any, showed that, as between plaintiff and the moving defendants, there was no genuine issue as to any material fact, and that the moving defendants were entitled to a judgment as a matter of law; if so, render such judgment forthwith;[8] and, if not, deny the motion.

Instead of doing what Rule 12(b) required, the District Court treated the motion as nothing but a motion to dismiss the action for failure of the complaint to state a claim upon which relief could be granted and, so treating the motion, granted it and entered the judgment here appealed from—a judgment dismissing the action for failure of the complaint to state such a claim. This was error.

Judgment reversed and case remanded for further proceedings in conformity with this opinion.

5. The complaint was the only pleading in this action.

6. Plaintiff presented an affidavit of Paul Kerby, an affidavit of Werner Janssen and a copy of a certificate of copyright registration (No. 69688). The moving defendants presented copies of seven certificates of copyright registration (Nos. 518734, 49787, 135744, 140536, 197987, 209074 and 74528) and copies of two pleadings in an action by John Italiani against Metro-Goldwyn-Mayer Corporation and others in the Superior Court of Los Angeles County, California.

7. Such pertinent material might have included affidavits other than those of Kerby and Janssen and might have included depositions. See subdivisions (a), (b), (c), (e) and (f) of Rule 56. Also, as provided in subdivision (f), discovery might have been had, and other pertinent material, including admissions, might have been obtained thereby.

8. See subdivision (c) of Rule 26.