Myron E. McPHERSON, Appellant,

v.

AMALGAMATED SUGAR COMPANY, a corporation, Appellee.

No. 16409.

United States Court of Appeals
Ninth Circuit.

Oct. 26, 1959.

Bruce Bowler, Boise, Idaho, for appellant.

Clemons, Skiles & Green, C. Stanley Skiles, Boise, Idaho, for appellee.

Before CHAMBERS, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This appeal involves an action in tort, appellant alleging that the loss of his arm was proximately caused by appellee's negligence and that appellant thereby suffered damages of $338,000.

Prior to answering, appellee under Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., moved to dismiss the complaint for failure to state a claim upon which relief could be granted. Appended to this motion were various exhibits and an affidavit by appellee's attorney. From these exhibits and the affidavit it appears that appellant in 1957 had filed suit against Union Pacific Railroad Company for the amount of $375,000, claiming that the latter was

---

1. The referee who made the remark disqualified himself and did not further officiate in the case.

responsible under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for the same injury complained of here. The Railroad defended on grounds, among others, that the injury was caused by the negligence of the Amalgamated Sugar Company, appellee in the present action, and that such negligence could not be attributed to the Railroad. In instructing the jury, however, the trial judge noted that the Railroad was responsible under the Federal Employers' Liability Act if it knew of or acquiesced in the activities of Amalgamated's employees even though it was their negligence and not the Railroad's which caused the accident. The jury returned a verdict for appellant, assessing damages at $35,600. Judgment was duly recorded providing that appellant was to recover from the Railroad the above sum plus costs and 6% interest from the 14th day of September, 1957. On March 20, 1958, appellant signed a satisfaction of judgment in his case against the Union Pacific. This document noted that the Railroad had paid appellant $36,460.-50, of which $313.80 were costs and $546.70 was interest.

Appellant's present action against Amalgamated was initiated on August 13, 1958.

Since in its motion to dismiss for failure to state a claim appellee utilized affidavits and documents outside of the complaint, the court below, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, treated the motion as one for summary judgment. The court found that the satisfaction of the judgment against Union Pacific was a full satisfaction against one of two joint tort-feasors, and that the satisfaction thus precluded the appellant from seeking further relief against the other tort-feasor. Accordingly, summary judgment for appellee was granted.

The appellant urges two points: First, he claims that the satisfaction of judgment in his suit against Union Pacific was only a partial satisfaction, and that a plaintiff who only partially satisfies a judgment against one joint tort-feasor is not barred from bringing suit against the other. Secondly, he claims that the court below committed reversible error by failing to treat appellee's motion as one for summary judgment, but considered it rather as a motion to dismiss for failure to state a claim upon which relief could be granted.

Taking appellant's second point first, he places great reliance upon the decision of this court in Mantin v. Broadcast Music, Inc., 9 Cir.1957, 248 F.2d 530. The district court in that case had granted a defendant's motion to dismiss for failure to state a claim. In dismissing, the court specifically noted that it had acted under Rule 12(b) (6) of the Federal Rules of Civil Procedure. There, as here, the defendant had introduced material not contained in the complaint, and on appeal this court held that where such extraneous matter was utilized by a defendant on a motion to dismiss for failure to state a claim upon which relief could be granted, Rule 12(b) required that the motion be treated as one for summary judgment. Since, in the Mantin case, the court below did not treat the defendant's motion to dismiss as one for summary judgment, the dismissal was reversed. We have no difficulty with this question in the instant case. The court below noted that appellee's motion was to be treated as a motion for summary judgment; it granted the motion as such; and the judgment was recorded as a summary judgment. Nothing appears in the record which in any way challenges this conclusion.

■■■ Appellant concedes that if the satisfaction of judgment against Union Pacific Railroad is a full satisfaction, he is precluded from seeking relief against the Amalgamated Sugar Company, the alleged joint tort-feasor. See Sessions v. Johnson, 1877, 95 U.S. 347, 24 L.Ed. 596; Viehweg v. Mountain States Telephone & Telegraph Co., D.C. D.Idaho 1956, 141 F.Supp. 848. The initial inquiry then, and the only question that need be examined in this case, is whether or not the satisfaction of judgment against the Railroad was a full

satisfaction. Appellant claims that the payment received from the Railroad was less than the sum to which he was entitled under the judgment. The payment was $566.59 less than the sum owing once interest and costs were counted in. Appellant contends that interest is part of the judgment—that the Railroad thus did not pay its full obligation and so obtained only a partial satisfaction of judgment, and that therefore plaintiff was not precluded from bringing suit against Amalgamated.

The issue to be determined is whether the appellant may have his damages again judicially determined after having had a judicial determination against one of two joint tort-feasors, which determination was against a solvent defendant and which determination was paid and satisfaction of judgment entered of record. It may be true that in determining the effect of a satisfaction upon a plaintiff's right to sue a second joint tort-feasor, courts should look both to the intent of the plaintiff in signing the satisfaction and to whether or not he has received full compensation. See Gronquist v. Olson, 1954, 242 Minn. 119, 64 N.W.2d 159. Yet the measure of full compensation can not be equated to the exact total sum of the judgment, including costs and interest. The reason why full satisfaction of a judgment precludes suit against a second joint tort-feasor is that a plaintiff is entitled to be compensated but once for his injuries. Consult Husky Refining Co. v. Barnes, 9 Cir. 1941, 119 F.2d 715, 716, 134 A.L.R. 1221. He can not entitle himself to multiple compensation merely by not collecting every penny of interest owing on the judgment. Were this not the rule, a plaintiff seeking relief from joint tort-feasors could sign a "partial" satisfaction of judgment in a first suit and collect all but a dollar of the judgment obligation. He could then, under appellant's theory, turn and sue a second joint tort-feasor. Surely, such a result is not contemplated by the concept of one full compensation. See 1 Harper and James, The Law of Torts 710–714 (1956).

We must conclude, therefore, that the full compensation for injuries which precludes a second suit against a joint tort-feasor was received by appellant in the present case even though he has not been paid all the interest owed him under his judgment against Union Pacific. The satisfaction which he signed in that litigation must be considered a full satisfaction, and so he can not here seek relief against Amalgamated.

Affirmed.