281 F.2d 879
 Michael COHEN, Appellant,
v.
Thomas CAHILL, as Chief of Police of the City and County of
San Francisco; Michael Maguire, as Police Officer of the San
Francisco Police Department, and Cecil Harris, as Police
Officer of theSan Francisco Police Department, Appellees.
 No. 16265.
 United States Court of Appeals Ninth Circuit.
 Aug. 15, 1960.
 
 A. L. Wirin, Fred Okrand, Los angeles, Cal., for appellant.
 Dion R. Holm, William F. Bourne, City Atty. & Asst. City Atty., San Francisco, Cal., for appellee.
 Before STEPHENS, HAMLEY and MERRILL, Circuit Judges.
 STEPHENS, Circuit Judge.
 
 
 1
 Appellant filed a complaint in the District Court alleging that defendants, acting under color of state custom or usage, deprived him of rights guaranteed by the federal Constitution. See 42 U.S.C.A. 1983.
 
 
 2
 Appellant's complaint declared that two of the defendants had fraudulently gained entrance to appellant's hotel room while he was in bed, that they forced him to get dressed and to accompany them to the police station, that they searched the room and his luggage and his personal papers against his will, that he was detained at the police station for four or five hours and suffered questioning by one of the defendants against his will, that he was ordered by one of the defendants to get out of San Francisco, that photostatic copies were taken of pages from his notebook and retained by degendants, and that he was not charged with any public offense. Appellant sought an injunction restraining defendants from any fruther such behavior and, in addition, compensatory and punitive damages.
 
 
 3
 This appeal is taken from an order granting appellee's oral motion to dismiss appellant's complaint as above described. Appellee asserted no grounds in support of its motion, and the District Court in issuing its order said only: 'The motion to dismiss the complaint is granted on the ground that the complaint is frivolous. The complaint is completely frivolous; there is no merit to it (at) all, aln I dismiss it.' Affidavits challenging the truthfulness of the complaint were offered by the appellee and apparently relied upon by the District Judge, yet appellant was given no opportunity to submit affidavits in opposition to the motion. Clearly, the allegations of the complaint, if taken as true, state a cause of action cognizable by the District Court under 42 U.S.C.A. 1983. Just as clearly, the District Judge dismissed the complaint because he did not believe it, because he thought it was a complete sham.
 
 
 4
 That the Federal Rules of Civil Procedure provide for motions to dismiss a complaint to be accompanied by affidavits and other material beyond the pleadings is undeniable. See Rule 12(b), 28 U.S.C.A. But in each and every instance cited by appellee, the party opposing the motion to dismiss to which affidavits were attached was given the opportunity to submit counter affidavits. See Latta v. Western Inv. Co., 9 Cir., 1949, 173 F.2d 99; Alesna v. Rice, D.C. Hawaii 1947, 74 F.Supp. 865. 869; Yudin v. Carroll, D.C.W.D.Ark.1944, 57 F.Supp. 793; Murray v. American Export Lines, Inc., D.C.S.D.N.Y.1943, 53 F.Supp. 861. Nor is there any inherent power existing independently of the Rules in the exercise of whtch a court may dismiss a complaint as sham on the basis of affidavits submitted by the moving party without giving his opponent the chance to reply. None of the authorities cited by appellee support the procedure followed by the District Court. See Union Transfer Co. v. Riss & Co., 8 Cir., 1951, 218 F.2d 553; Landy v. Silverman, 1 Cir., 1951, 189 F.2d 80; Sprague v. Vogt, 8 Cir., 1945, 150 F.2d 795; Curry v. Mackenzie, 1925, 239 N.Y. 267, 146 N.E. 375; Neal v. Bank of America, 1949, 93 Cal.App.2d 678, 209 P.2d 825; 41 Am.Jur., Pleading, 347, 355.
 
 
 5
 The remedy afforded by the Federal Rules fo Civil Procedure in a case such as this one is dismissal for failure to state a claim upon which relief can be granted, Fed.Rule Civ.P. 12(b)(6); Abbott v. American Machine & Foundry Co., D.C.S.D.N.Y.1949, 9 F.R.D. 310. When affidavits beyond the pleadings are submitted by the moving party and not excluded by the District Judge, as is the case here, Fed.Rule Civ.P.12(b) requires that the motion be treated as one for summary judgment pursuant to Rule 56. the Distirct Court did not so treat appellee's motion. The order of dismissal is therefore reversible error. Mantin v. Broadcast Music Inc., 9, Cir., 1957, 248 F.2d 530. See also McPherson v. Amalgamated Sugar Co., 9 Cir., 1959, 271 F.2d 809, 810.
 
 
 6
 Reversed and remanded.