David ERLICH, Appellant,

v.

Juda GLASNER, Chaim I. Etner, Bezlial Orlanski, Neptali Friedman, Osher Zilberstein, Juda Glasner, Osher Zilberstein and Chaim I. Etner doing business as the United Orthodox Rabbinate of Greater Los Angeles, United Orthodox Rabbinate of Greater Los Angeles, A. M. Bauman and Jacob Adler, Appellees.

No. 20982.

United States Court of Appeals
Ninth Circuit.

March 23, 1967.

Joseph W. Fairfield, Ethelyn F. Black, Beverly Hills, Cal., for appellant.

Wayne Veatch, Veatch, Thomas, Carlson & Dorsey, Thomas C. Lynch, Atty. Gen., Herschel T. Elkins, A. Wallace Tashima, Deputy Attys. Gen., Henry F. Walker, Los Angeles, Cal., Richard Perkins, Beverly Hills, Cal., Phill Silver, Hollywod, Cal., for appellees.

Before BARNES and JERTBERG, Circuit Judges, and MUECKE, District Judge.

JERTBERG, Circuit Judge:

This is the second appearance in this court of appellant's effort to state a

cause of action against the appellees under the Civil Rights Act, 42 U.S.C. § 1983.

The original complaint was dismissed by the District Court as to all defendants for "good legal cause" on the ground that the complaint failed to state a claim upon which relief may be granted. On appeal we vacated the order of dismissal and remanded the cause for further proceedings. Erlich v. Glasner, 352 F.2d 119 (9th Cir. 1965).

After remand appellant filed an amended complaint which includes all of the allegations summarized in our first opinion, to which the interested reader is referred, and in addition the following allegations:

(a) That the acts of defendant, Glasner, set forth in paragraph VII of the amended complaint [see the third full paragraph at page 121 of our first opinion], were done by said defendant "acting in his capacity as kosher food law inspector of the State of California, but not within the course of his duties as kosher food law representative";

(b) That the acts and conduct of the defendant, Glasner, and of the other defendants, alleged in paragraph VIII of the amended complaint [see the fourth full paragraph at page 121 of our first opinion, and the alleged overt acts immediately following on the same page], were done by Glasner "while acting in his official capacity as kosher food law representative of the State of California, but not within his duties as kosher food law representative, and all of the defendants while acting under color of law,"; and

(c) That the acts of the defendants entitle plaintiff to punitive damages.

Following the service and filing of the amended complaint, the appellee, Glasner, moved to dismiss the amended complaint and the action on the ground that the amended complaint failed to state a claim against the defendants on which relief could be granted.

A similar motion was filed by the appellee, Etner. A similar motion was made on behalf of the appellees, Orlanski, Friedman, Zilberstein, Bauman, and United Orthodox Rabbinate of Greater Los Angeles. At the same time there was filed on behalf of the last named appellees, affidavit of appellee Zilberstein, "IN SUPPORT OF MOTION TO DISMISS."

Following submission of the motions, the District Court filed a written judgment of dismissal of the amended complaint which states:

"* * *, and the Court having heard and considered the arguments of all counsel, both in support and in opposition to said Motions and *having considered all of the written documents filed herein* both in support of and in opposition to said Motions, and for good cause shown finds that the Amended Complaint should be dismissed as to all defendants without leave to amend upon the following grounds:" [Emphasis added]

The grounds may be summarized as follows:

1. That the claimed damages, if sustained, were not suffered by the plaintiff;

2. That the defendant, Glasner, is immune from liability under the laws of the State of California; and

3. That the allegations of the amended complaint of unlawful combination and conspiracy on the part of the defendants are conclusions, unsupported by sufficient allegations of fact.

The record before us consists of the amended complaint, the notices and motions to dismiss of the various appellees, memoranda of points and authorities filed by the various appellees in support of the various motions of appellees to dismiss, the minute order of the District Judge in granting the motions to dismiss, the written judgment of dismissal of the amended complaint, and the affidavit of appellee Zilberstein "IN SUPPORT OF MOTION TO DISMISS." The only material matter in the record outside of the pleadings is the affidavit.

The affidavit consists of nine type-written pages, and embodies categorical denials of many of the material allegations contained in the amended complaint, the powers and duties of the rabbis who comprise the United Orthodox Rabbinate of Greater Los Angeles, an ecclesiastical body, whose duties are to concern itself with the adherence to the Hebrew statutes concerning dietary laws relating to kosher foods, to supervise and enforce such dietary statutes, and denials of the alleged conduct and actions of the members of such body relating to many of the allegations contained in the amended complaint.

Rule 12(b), Federal Rules of Civil Procedure provides, in substance, that every defense to a claim for relief in any pleading, shall be asserted in the responsive pleading thereto if one is required.

"[E]xcept that the following defenses may at the option of the pleader be made by motion: (1) * * *, (2) * * *, (3) * * *, (4) * * *, (5) * * *, (6) failure to state a claim upon which relief can be granted, (7) * * *. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, *matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.*" (Emphasis added.)

The affidavit filed by some of the appellees was not excluded by order of the District Court. Hence, the District Court was required to treat the motions of appellees to dismiss for failure of the amended complaint to state a claim upon which relief could be granted as motions for summary judgment, and dispose of them as provided in Rule 56, and the District Judge was required to give all parties reasonable opportunity to present all material facts made pertinent to such motion by Rule 56. The District Court

failed to comply with such provision of Rule 12(b).

"The remedy afforded by the Federal Rules of Civil Procedure in a case such as this one is dismissal for failure to state a claim upon which relief can be granted, Fed.Rule Civ.P. 12(b)(6); Abbott v. American Machine & Foundry Co., D.C.S.D.N.Y.1949, 9 F.R.D. 310. When affidavits beyond the pleadings are submitted by the moving party and not excluded by the District Judge, as is the case here, Fed.Rule Civ.P. 12(b) requires that the motion be treated as one for summary judgment pursuant to Rule 56. The District Court did not so treat appellee's motion. The order of dismissal is therefore reversible error. Mantin v. Broadcast Music, Inc., 9 Cir., 1957, 248 F.2d 530. See also McPherson v. Amalgamated Sugar Co., 9 Cir., 1959, 271 F.2d 809, 810.

"Reversed and remanded."

Cohen v. Cahill, 281 F.2d 879, 880–881 (9th Cir. 1960).

The judgment of dismissal is vacated and the cause remanded to the District Court for further proceedings.