391 F.2d 81
 Aleta G. COSTEN, Dyal E. Stone, Marie B. Stone, Patricia Ann Hobbs, Nick C. Howat and Margaret A. Howat, Appellants,
v.
PAULINE'S SPORTSWEAR, INC., Regal Accessories of New York, Robert C. Abild and Desda S. Abild, Appellees.
 No. 21387.
 United States Court of Appeals Ninth Circuit.
 February 21, 1968.
 
 William T. Richert, Fresno, Cal. (argued) of Fullerton, Lang & Richert, Fresno, Cal., for appellant.
 Thomas H. Greenwald, Beverly Hills, Cal. (argued), for appellee.
 Before HAMLEY, JERTBERG, and ELY, Circuit Judges.
 ELY, Circuit Judge.
 
 
 1
 Appellants, plaintiffs below, challenge the District Court's dismissal of their original complaint and of their amended complaint. The original complaint consists of twelve counts, each appellant[1] being covered by three counts. The amended complaint consists of eight counts, in groups of two counts for each appellant. In both complaints there is no substantial difference in the allegations relating to each appellant. Thus, for convenience, the following discussion of the factual situation as alleged in the complaints will be confined to the first group of counts in each complaint, those relating to appellant Aleta G. Costen.
 
 
 2
 The appellees are a corporation, Pauline's Sportswear, and two of its principal officers. On June 20, 1964, Costen entered into an agreement with the corporation for the franchise rights to a "Pauline's Sportswear" retail clothing shop. Simultaneously, Costen made a sublease agreement with the corporation for the use of certain premises in a shopping center in San Leandro, California. According to the allegations of the complaints, the appellees have entered into approximately seventy-five similar franchise and sublease arrangements in the State of California.
 
 
 3
 The franchise agreement required that Costen purchase all required merchandise for her retail shop from the appellee corporation and that she sell this merchandise at retail prices established in the agreement, unless the corporation should grant written consent to the charging of different prices. The agreement expressly prohibited Costen from dealing in merchandise manufactured or sold by anyone other than the appellee corporation. Furthermore, both the franchise and the sublease were subject to termination by the corporation if Costen should violate any of the specified restrictions.
 
 
 4
 Following the execution of this agreement, Costen commenced to operate her shop at the premises covered by the lease. During the period between June 20, 1964, and April 30, 1965, the corporation sold ladies' sportswear to Costen pursuant to the franchise agreement and orders placed by Costen. Throughout the period in which Costen maintained the retail shop, she complied with the terms of the franchise agreement. She was, however, unable to operate the shop at a profit. The complaints allege that she suffered the loss of $5,500, the purchase price of the franchise, plus a net loss from operations in the sum of $1,658.18. Additionally, it is alleged that she suffered a loss of the value of her time and effort for twenty-nine weeks in the amount of $100.00 per week.
 
 
 5
 Appellants' attorney very forthrightly represented during oral argument that the suit is based solely upon the existence of the franchise and lease arrangement and upon the appellees' pursuit of the arrangement in the ordinary course of business. We are not confronted with allegations of any affirmative action on the part of the appellees to terminate the appellants' business operations or to force appellants to suffer losses. Additionally, the complaints make no allegations concerning any request made by appellants to appellees to allow any particular appellant to depart from any or all of the conditions stated in the franchise agreement. Appellants have alleged, however, that they conformed their actions to the terms of the agreement because they "feared" that appellees would terminate the franchise and evict them from their premises if they did not follow the agreement that each had made with appellees.
 
 
 6
 On the basis of these allegations, the original complaint charged that appellees had violated section one of the Sherman Act, 15 U.S.C. § 1, by way of resale price maintenance. Secondly, appellants charged that appellees monopolized, or attempted to monopolize, "trade or commerce among the several States having to do with the sale and distribution of manufactured ladies' sportswear," in violation of section two of the Sherman Act, 15 U.S.C. § 2. Thirdly, the complaint charged a violation of section one of the Sherman Act and section three of the Clayton Act, 15 U.S.C. § 14, through exclusive dealing and illegal tie-ins.
 
 
 7
 Following the filing of the original complaint, appellees filed a "NOTICE OF MOTIONS AND MOTION TO DISMISS." Accompanying this notice was an affidavit of one of the appellees entitled "AFFIDAVIT IN SUPPORT OF MOTIONS TO DISMISS." Attached to this affidavit were two exhibits consisting of copies of the franchise and lease agreements which were "in substance" those signed by the appellants. Among other things, the affiant stated that the appellants had "freely and voluntarily" entered into the franchise arrangements with the appellees, that the appellees were not engaged in interstate commerce, and that the gross annual sales of the appellee corporation were less than one million dollars, out of total annual sales in the women's sportswear industry in excess of one hundred million dollars.
 
 
 8
 The District Court's hearing on the appellees' motion resulted in an "ORDER GRANTING DEFENDANTS' MOTION TO DISMISS." The order reads, in part, as follows:
 
 
 9
 "IT IS ORDERED that defendants' motion to dismiss is hereby granted.
 
 
 10
 "Contracts prescribing minimum resale prices of a commodity are not illegal when sanctioned by State law. [15 U.S.C.A. § 1].
 
 
 11
 "The California Business and Professions Code § 16902(a), which is part of the Fair Trade Act, makes legal contracts fixing the resale prices of trademarked commodities which are in fair and open competition with other commodities of the same general class and bear the trademark, brand or name of the producer. Thus assuming all of plaintiffs' allegations in the complaint to be true, it does not state a claim upon which relief can be granted.
 
 
 12
 "Counsel for defendants is directed to prepare and lodge findings of fact, conclusions of law and form of judgment in accordance with Local Rule 7."
 
 
 13
 Subsequently, following the district judge's agreement with appellants' objection that findings of fact and conclusions of law need not accompany an order granting a motion to dismiss, the District Court entered a judgment dismissing the original complaint.
 
 
 14
 Thereafter, appellants filed their first amended complaint, which was virtually identical to the original complaint except for the omission of the charged violations of section one of the Sherman Act arising out of resale price maintenance. After the appellees made another motion for dismissal, supported by their attorney's affidavit that the amended complaint was substantially the same as the original one, the District Court entered an order granting the motion to dismiss this amended complaint for "the reasons set forth in the dismissal of the original complaint." This appeal followed.
 
 
 15
 In view of the state of the record before us, we are compelled to consider certain issues not raised by the parties. We believe that our determination here is controlled by Rule 12(b), Federal Rules of Civil Procedure, and by our recent decision in Erlich v. Glasner, 374 F.2d 681 (9th Cir. 1967). Rule 12(b) provides as follows:
 
 
 16
 "[T]he following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted * * *. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56."
 
 
 17
 In Erlich v. Glasner, supra, following the filing of an amended complaint, three motions to dismiss the amended complaint for failure to state a claim upon which relief could be granted were filed by various defendants to the action. At the time of the filing of one of the motions, an affidavit of one of the appellees "IN SUPPORT OF MOTION TO DISMISS" was also filed on behalf of the parties to that motion. These motions resulted in a judgment of dismissal by the District Court. Stating that it had "considered all of the written documents filed herein," the District Court specified several grounds for its judgment. In disposing of the appeal, we wrote:
 
 
 18
 "The affidavit filed by some of the appellees was not excluded by order of the District Court. Hence, the District Court was required to treat the motions of appellees to dismiss for failure of the amended complaint to state a claim upon which relief could be granted as motions for summary judgment, and dispose of them as provided in Rule 56, and the District Judge was required to give all parties reasonable opportunity to present all material facts made pertinent to such motion by Rule 56. The District Court failed to comply with such provision of Rule 12(b)."
 
 
 19
 374 F.2d at 683. The Erlich court also relied on several earlier decisions from our Circuit that are directly applicable to the present problem. Cohen v. Cahill, 281 F.2d 879 (9th Cir. 1960); Mantin v. Broadcast Music, Inc., 248 F.2d 530 (9th Cir. 1957). Additionally, see McPherson v. Amalgamated Sugar Co., 271 F.2d 809 (9th Cir. 1959); cf. S & S Logging Co. v. Barker, 366 F.2d 617 (9th Cir. 1966); Smith v. United States, 362 F.2d 366 (9th Cir. 1966).
 
 
 20
 It does not appear from the record before us that the District Court dealt with the appellees' motions as being ones for summary judgment. At the same time, however, the record does indicate that the court did not exclude from its consideration the affidavit filed with the first motion to dismiss. The court made no order concerning this material outside the pleading, nor did it indicate in any other affirmative manner that the material was being excluded.[2] Furthermore, the reason stated by the court for its dismissal of the original complaint indicates to us that the court did in fact consider matters outside the complaint. The court based its decision on section 16902(a) of the California Business and Professions Code, which allows resale price maintenance where, among other facts, there is "fair and open competition."[3] The complaints make no allegations in terms of "fair and open competition" or the like, although they do allege, in conclusory terms, that the appellees had monopolized, or were attempting to monopolize, this industry. Thus it seems that the state statute could be held to be a defense only upon the basis of facts determined from matters not appearing from the allegations of the complaints.[4] Furthermore, since the state statute relates only to resale price maintenance, the reasoning expressed by the District Court does not indicate why dismissal of the charges of monopolization, exclusive dealing, and illegal tie-ins was thought to be proper. Moreover, while the amended complaint omitted any charges of resale price maintenance, the court stated that the amended complaint was dismissed for the same reasons as stated in its first order dismissing the original complaint. Presumably, therefore, the dismissal of the amended complaint resulted from consideration of the same matters — including the relevant information in the affidavit — as led to the dismissal of the original complaint. In view of all these considerations, we cannot hold that the District Court excluded the affidavit in its consideration of the motions for dismissal. Directly applicable is our court's statement in Cohen v. Cahill, supra, as follows:
 
 
 21
 "When affidavits beyond the pleadings are submitted by the moving party and not excluded by the District Judge, as is the case here, Fed.Rule Civ.P. 12(b) requires that the motion be treated as one for summary judgment pursuant to Rule 56. The District Court did not so treat appellee's motion. The order of dismissal is therefore reversible error."
 
 281 F.2d at 881.[5]
 
 22
 In light of the foregoing, it becomes unnecessary to discuss numerous contentions made by the parties in support of their respective positions.[6] These contentions will of course be considered by the District Court upon remand, either on motion for dismissal or on motion for summary judgment, although in antitrust cases such as this, the summary judgment procedure is more often desirable.
 
 
 23
 Reversed and remanded.
 
 
 
 Notes:
 
 
 [1]
 "Each appellant" includes each of the two husband-wife combinations
 
 
 [2]
 For example, in Tobman v. Cottage Woodcraft Shop, 194 F.Supp. 83 (S.D. Cal.1961), the court expressly noted in its opinion, which dismissed the complaint for failure to state a claim upon which relief could be granted, that it was disregarding the affidavits filed with the court in connection with alternative motions for summary judgment or for dismissal. 194 F.Supp. at 90
 
 
 [3]
 "Fair and open" has been held to relate to the manner of competition, rather than to the results. Scovill Mfg. Co. v. Skaggs Pay Less Drug Stores, 45 Cal.2d 881, 890, 291 P.2d 936, 941 (1956)
 
 
 [4]
 In theTobman case, discussed in note 2, supra, which involved a number of issues that are also relevant to the present case, the court analyzed the effect of this same California statute by use of relevant facts contained in affidavits before the court. 194 F.Supp. at 89. As noted previously, however, the court there expressly stated that these facts and the effect of this statute were being excluded from its consideration in acting to dismiss.
 
 
 [5]
 Although the decision here must follow our court's decision in Cohen v. Cahill, it also appears that appellants did not have a reasonable opportunity to attempt to present facts which might have been pertinent to the motion under Rule 56. See Erlich v. Glasner, supra. The memoranda of points and authorities filed by appellants both before and after the hearing in the District Court reveal that appellants at all times believed that the court was considering a motion to dismiss the complaint and nothing more. We cannot see that the court corrected this apparent impression; nevertheless, it ultimately did not exclude consideration of the affidavit in question, or at least cannot be held to have done so
 It is true, of course, that there was a period of time during which appellants might have filed affidavits concerning the issues raised by appellees' motion. Also, they must be presumed to have known of the relevant portions of Rule 12(b), which have led us to the conclusion that the motion to dismiss was, in this case, converted into a motion for summary judgment. Since the District Court has the option as to whether it will consider the material outside the pleadings, we think it reasonable that the parties should be given some notice in those cases in which the court intends to consider these other matters and in which the nonmoving party has not already taken — as he usually will have done — the proper steps to furnish the court with relevant material outside the pleadings in support of his own position.
 
 
 [6]
 One significant issue is whether the appellants have suffered actionable injury or damage in view of the nature of their relationship to appellees and in view of the absence of allegations of affirmative actions on the part of appellees designed to affect the appellants' business operations adversely, other than in the making and performance of the franchise agreements. Two recent cases have dealt with this issue in terms of thein pari delicto approach, and we note that the Supreme Court has recently granted review of one of these cases. Perma Life Mufflers, Inc. v. International Parts Corp., 376 F.2d 692 (7th Cir. 1967), cert. granted, 389 U.S. 1034, 88 S.Ct. 770, 19 L.Ed.2d 821 (1968) (No. 733); Crest Auto Supplies, Inc. v. Ero Mfg. Co., 360 F.2d 896 (1966). The Perma Life decision construes Simpson v. Union Oil Co., 377 U.S. 13, 84 S.Ct. 1051, 12 L.Ed.2d 98 (1963), where the Supreme Court held that, in the context of a "coercive type of `consignment' agreement," the petitioner had suffered actionable wrong or damage when an illegal arrangement was imposed upon him as a condition for the lease of a retail outlet and when the respondent had terminated the arrangement following an actual breach of the agreement by the petitioner. 377 U.S. at 24, 84 S.Ct. at 1058. For further discussion of the in pari delicto defense, as well as for citation of other pertinent decisions, see Bales v. Kansas City Star Co., 336 F.2d 439 (8th Cir.1964); Kershaw v. Kershaw Mfg. Co., 327 F.2d 1002 (5th Cir.1964), adopting the opinion of the District Court at 209 F.Supp. 447 (M.D. Ala.1962); Triangle Conduit & Cable Co. v. Wheeling Steel Corp., 266 F.Supp. 236 (D.N.J. 1967); Lyons v. Westinghouse Elec. Corp., 235 F.Supp. 526, 537-539 (S.D. N.Y.1964); Rayco Mfg. Co. v. Dunn, 234 F.Supp. 593 (N.D.Ill.1964); Lehmann Trading Corp. v. J & H Stolow, Inc., 184 F.Supp. 21 (S.D.N.Y. 1960).
 
 
 
 24
 HAMLEY, Circuit Judge (concurring).
 
 
 25
 I concur in the opinion as written. However, I wish to add that, in my view, the result would be the same (reversal and remand without reaching the merits) if the judgment is deemed responsive to an ordinary motion to dismiss under Rule 12(b) (6), rather than to a motion for summary judgment.
 
 
 26
 If the court intended to grant a regular Rule 12(b) (6) motion to dismiss then it erred because:
 
 
 27
 (1) the court took into consideration facts not alleged in the amended complaint, namely the asserted fact that the commodities sold by plaintiffs "* * * are in fair and open competition with other commodities of the same general class. * * *" On a motion to dismiss, and apart from judicial notice, the consideration of the court is limited to matters appearing on the face of the proceedings. See Department & Specialty Store Employees' Union, Local 1265, R.C.I.A. AFL-CIO v. Brown, 9 Cir., 284 F.2d 619, 623; and
 
 
 28
 (2) whereas the amended complaint alleged several claims for relief, the district court judgment dismissing the action deals with only one such claim. A complaint is not subject to dismissal on the ground that it does not state a claim upon which relief can be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Marshall v. Sawyer, 9 Cir., 301 F.2d 639, 647.