Robert J. Trainor, J.
Petitioner appears before this court pursuant to a writ of habeas corpus issued on the 14th day of December, 1967, challenging his detention on the ground that it is unlawful.
The petitioner received a sentence to State prison of a minimum 1 year, 3 months, to a maximum of 2 years. The Parole Board having denied petitioner consideration, we are concerned merely with the correct computation of maximum limits of petitioner’s sentence.
It appears that, prior to ¡sentence but on the same charge, petitioner was incarcerated in the Nassau County Jail for 283 days, and it is his contention that the “ good behavior ” allowance provided for in subdivision 4 of section 230 and subdivision 3 of section 230 of the Correction Law contemplated the inclusion of the “ jail time ” in determining the amount of reduction of sentence.
Respondent alludes to the language of the first sentence of subdivision 4 of section 230 which refers to prisoners confined in an institution ‘ ‘ under the jurisdiction of the state department of correction ’ ’. This might possibly be construed to mean that prisoners confined in such an institution may be credited only with “ good behavior ” time against time served in such an institution, but there is no specific language in the section which clearly says so and, since a person’s liberty is involved, any ambiguity should be resolved in favor of the petitioner.
It is curious that subdivision 3 of said section 230 specifically mentions “ jail time” in establishing a formula for sentence reduction, while subdivision 4 is silent as to that phrase.
Adoption of the respondent’s interpretation would have the effect of prejudicing a defendant who was unable to raise funds in order to be released on bail, and would deprive him of “ equal protection of the laws ” in violation of the 14th Amendment of the United States Constitution. For example, a defendant who was at liberty on bail prior to judgment, and received a similar sentence, would be subject to a maximum of 16 months, as opposed to 18 months for petitioner who could not afford bail and who languished in jail awaiting sentence. If there is logic or justice in this anomaly it escapes the court.
Although it appears that the reductions allowed in section 230 of the Correction Law are discretionary, they may not be arbitrarily withheld (Matter of Roy v. Murphy, 36 Misc 2d *569 501). Since no claim is made that petitioner by his conduct has not earned the allowances, the court can only conclude that the sole opposition is based upon calculation, which calculation is hereby held to be erroneous.
The writ is sustained and the petitioner is ordered conditionally released forthwith.