UNITED STATES of America ex rel. Frank Walter CAMPBELL, Petitioner-Appellant,

v.

Frank J. PATE, Warden, and Charles F. Kinney, Chairman of the Board of Pardon and Parole, Respondents-Appellees.

No. 16555.

United States Court of Appeals Seventh Circuit.

Sept. 13, 1968.

Vincent J. Getzendanner, Jr., Chicago, Ill., for appellant.

William G. Clark, Atty. Gen., John J. George, Asst. Atty. Gen., Chicago, Ill., John J. O'Toole, Asst. Atty. Gen., of counsel, for appellees.

Before CASTLE, Chief Judge, FAIRCHILD and CUMMINGS, Circuit Judges.

FAIRCHILD, Circuit Judge.

Petitioner Campbell is an inmate of the Illinois state penitentiary. On September 29, 1960 he was sentenced to imprisonment for not less than ten nor more than fifteen years. By late 1966 he had served enough time, apparently,[1] to become eligible for parole. The parole board, after hearing, denied parole and set September 29, 1970 as the date for further consideration. Under departmental regulations an inmate may earn advancement of such date. Campbell claims to have earned a hearing in February, 1968. The penitentiary and parole board say he earned only a hearing in January, 1969.

Campbell brought this action under 42 U.S.C. sec. 1983 seeking declaratory relief and an injunction to resolve the dispute. Defendants are the chairman of the parole board and the warden of the branch of the penitentiary where Campbell is presently confined. The parole board and the penitentiary administration are arms of the Department of Public Safety. Campbell did not name as defendant Ross Randolph who is now director of the department and who was the warden of the branch of the penitentiary where Campbell was confined when the critical events occurred.

Defendants moved to dismiss for failure to state a claim. The district court dismissed and Campbell appealed.

An inmate is assigned to grade C upon entrance. He can work up to grade A, and while in that grade earns merit time. The amount of merit time earned advances the date for consideration by the parole board. The prison staff may reduce the grade for violation of a rule. When an inmate is in a grade below C he forfeits all merit time previously earned.[2]

In 1963 Campbell had been reduced to grade E and did not return to grade A until 1965. The resulting loss of merit time has, according to defendants, caused reconsideration to occur in 1969 rather than 1968.

Campbell alleges that in 1963 the guards found five medicine bottles in his cell. Each contained a yellow powder. Campbell claims the powder was "Tang", available to the inmates to be mixed with water, forming a soft drink. The guards claimed it was something else (Campbell does not tell us what), but refused his request to have it analyzed.

The Supreme Court of Illinois considered a related rule which postponed original consideration of parole until a prisoner regained grade A and maintained it for three months. This rule was held to be "an unauthorized delegation of power by the Parole Board to the wardens of the several Illinois State Penitentiaries, since the determination of whether a prisoner is Grade A is made by them and their staff."[3] We think the state courts might well apply the same reasoning to the rule in the present case, had Campbell chosen to seek relief there. But a holding that state law requires the decision to be made by the parole board rather than the wardens does not establish a deprivation of a federal right.

Our problem is whether an eleven month delay of a parole hearing may be, under the circumstances, a deprivation of a federal right, privilege, or immunity.

■ We point out that complete liberty is not at stake. If Campbell were able to persuade the board to act favor-

---

1. Many of the rules which govern elements of this case are administrative, not statutory, and we have not been favored with citations nor copies.

2. For a description of the Progressive Merit System, see People ex rel. Abner v. Kinney (1964), 30 Ill.2d 201, 195 N.E.2d 651, 655.

3. People v. Kinney, supra, fn. 2.

ably, he would remain in technical custody, and subject to restrictions, though outside the walls. The parole board's power is discretionary, and an adverse decision would not be subject to judicial review.[4] What he is losing, during eleven months, is the possibility that if he appeared before the board he might persuade it to decide in his favor. Of course this loss, in practical, human, terms is serious and involves a chance for at least qualified liberty.

The traditional view is that the federal courts have no power to control or regulate the internal discipline of the penal institutions of the states.[5]

It has recently been recognized, however, that although the rights of a person serving a valid state sentence of imprisonment are greatly limited, he does have some federally protected rights which he may redress by a sec. 1983 action against those who have custody of him.[6]

Campbell appears to assert that he did not possess contraband material and that the postponement of opportunity for parole which resulted from the reduction in grade would be cruel and unusual punishment for the possession of the soft drink powder. The record at this stage does not show the warden's claim. The complaint implies that the warden acted on the premise that Campbell had possession of a different material.

The real gist of the complaint seems to be that the factual determination on which the warden relied was so unreliable that postponement of an opportunity for parole, in reliance on it, was an invasion of some federally protected right.

█ We are not prepared to say that facts considered by state penal or parole authorities in exercising their discretion to grant, deny, or postpone parole must be determined subject to due process notice and hearing requirements. Here, however, the state penal system has adopted a rule which has the effect of denying or postponing parole as punishment for an offense. We think that the relevant facts which trigger the operation of the rule must not be so capriciously or unreliably determined that, in effect, the inmate is deprived of equal protection of the laws.

The instant complaint is not cast in terms of denial of equal protection. With liberal construction, however, it sufficiently charges that the facts on which the warden acted were unreliably determined. Caprice is further suggested by the averment that at one time, after all the material events had occurred, the prison staff informed Campbell his parole would be considered in 1968, and later changed the date to 1969.

█ Mr. Randolph was the warden who reduced Campbell's grade and he is not a defendant. We do not, however, consider him a necessary party. It seems clear under People ex rel. Abner v. Kinney[7] that the parole board is in charge of parole even if it chooses to accept determinations made by the warden for certain purposes. The chairman of the parole board is a defendant.

█ We hold only that the complaint, liberally construed, states a claim upon which relief could be granted. The judgment is reversed and the cause remanded for further proceedings.

The court is grateful to Mr. Vincent J. Getzendanner, Jr. for his presentation as appointed counsel for Campbell.

4. Tyler v. State Department of Public Welfare (1963), 19 Wis.2d 166, 172, 119 N.W.2d 460.

5. Siegel v. Ragen (7th Cir. 1950), 180 F. 2d 785, 788.

6. Cooper v. Pate (1964), 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030; Cooper v.

Pate (7th Cir. 1967), 382 F.2d 518; Wright v. McMann (2nd Cir. 1967), 387 F.2d 519, 522; United States ex rel. Hancock v. Pape (N.D.Ill.1963), 223 F.Supp. 202.

7. Fn. 3.