**POWERLOCK FLOORS, INC., Appellant,**

v.

**ROBBINS FLOORING CO., Inc.**

No. 17289.

United States Court of Appeals
Third Circuit.

Argued Nov. 18, 1968.

Decided Dec. 17, 1968.

Zachary T. Wobensmith, II, Philadelphia, Pa., for appellant.

George J. Harding, III, Busser, Smith & Harding, Philadelphia, Pa., for appellee.

Before GANEY, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT.

### PER CURIAM.

This appeal involves the validity of plaintiff's patent No. 3,267,630 (relating to a flooring system), and the alleged infringement thereof by defendant. The district court, on defendant's motion for summary judgment, ruled that plaintiff's patent was invalid for obviousness, 280 F.Supp. 627 (D.Del.1968).[1]

The flooring system described in the patent in question ("Patent No. 630") is designed to be an improvement over Patent No. 3,031,725 ("The Omholt Patent") and involves a system in which parallel metal channels are employed, secured to a sub-floor or base, with tongued and grooved floorboards drawn down into the channels by special clips.

The prior art consists of two patents. The first, the Omholt Patent, describes a flooring system which differs from Patent No. 630 only in that it employs clips and splines, instead of tongues and grooves. The second, Patent No. 1,898,-364 ("The Gynn Patent"), does not teach the use of any type of channels in its flooring system, but provides for tongued and grooved floorboards to be attached to a sub-base by means of clips interlocking with the floorboards and thus holding them in place.

In view of the fact that the only significant difference between plaintiff's patent and the prior Omholt patent was the use of tongues and grooves and that their use in that regard was taught by the Gynn Patent, we find no error in the district court's finding that the patent was invalid as being obvious in light of the prior art. See the district court opinion, cited above, for a full discussion of the issue. On this record, the fact that defendant did not buttress its motion for summary judgment with expert testimony does not change our conclusion. See Allen-Bradley Co. v. Air Reduction Co., 391 F.2d 282 (3rd Cir. 1968).

We note, moreover, that plaintiff's president testified on deposition that the defendant's alleged infringing product was being marketed at least by the spring of 1965. In contrast, plaintiff's patent was not granted until the following year, and there is no evidence in the record that defendant had notice of its contents prior thereto. These undisputed facts reinforce the district court's finding of obviousness.

Accordingly, the judgment of the district court will be affirmed.

appeal, because there existed a material issue of fact.

---

1. The district court also denied defendant summary judgment as to another of plaintiff's patents, not involved in this