POWERLOCK FLOORS, INC., Appellant,

v.

ROBBINS FLOORING CO., Inc.

No. 71-1732.

United States Court of Appeals,
Third Circuit.

Argued June 16, 1972.

Decided July 25, 1972.

Arthur H. Seidel, Seidel, Gonda & Goldhammer, Philadelphia, Pa., for appellant.

George J. Harding, 3rd, Smith, Harding, Earley, & Follmer, Philadelphia, Pa., for appellee.

Before STALEY, VAN DUSEN and HUNTER,* Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This appeal challenges a June 10, 1971, district court judgment, entered after trial to the court, providing that Patent No. 3,271,916 (916), issued on September 13, 1966, is invalid and has not been infringed by defendant.[1] The patent is on a flooring system which utilizes channels under the floorboards and places a resilient rubber strip between the channel and the supporting base.[2] After careful consideration of the plain-

---

\* Although Judge Hunter heard the argument in this case, he recused himself and did not participate in the ultimate decision.

1. This judgment was based on an opinion of May 20, 1971, containing factual findings and legal conclusions. Powerlock Floors Inc. v. Robbins Flooing Co., 327 F.Supp. 388 (D.Del.1971). In the Complaint filed on September 27, 1966, defendant was charged with infringing Patent No. 3,267,630 (630), as well as 916. The district court determined, on a summary judgment motion filed by defendant claiming that both patents were invalid, that Patent 630 was invalid but denied the motion as to Patent 916 because of the exist-

ence of at least one material issue of fact. Powerlock Floors, Inc. v. Robbins Flooring Co., 280 F.Supp. 627 (D.Del. 1968), aff'd 404 F.2d 875 (3d Cir. 1968).

2. The above-mentioned 1968 district court opinion stated (630-631 of 280 F.Supp.) :

"The invention of the 916 patent contemplated (1) the interposition between the lower faces of the channels and their supporting base of a cushioning runner of predetermined shock absorbency, and (2) the insertion in the voids between the channels and between the under faces of the floorboards and upper face of the supporting base of a fibreboard of predetermined shock absorbency and rebound characteristics and of equal or

tiff's contentions in light of the record, we have concluded that the factual findings of the trial court were not clearly erroneous and that its legal conclusions did not involve reversible error. See F. R.Civ. P. 61.

 We agree with the conclusion of the district court, for the reasons well stated in its opinion, that claims 1–4 of the patent are invalid under 35 U.S.C. § 103, since "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." *Cf.* Trio Process Corporation v. L. Goldstein's Sons, Inc., 461 F.2d 66 at 70 (3d Cir., 1972). Also, we agree with the district court's conclusion that claim 5 of the patent is invalid under 35 U.S.C. § 101 for failure to describe anything "useful," pages 394–395 of 327 F. Supp.[3] Finally, the record supports the district court's finding that plaintiff did not sustain its burden of proving that defendant manufactured or sold an infringing product between September 13, 1966, and September 27, 1966, when this suit was instituted. See 35 U.S.C. § 271(a).[4]

The judgment of the district court will be affirmed.

---

of lesser total compressibility than the cushioning runner, and having a thickness in excess of the space between the supporting base and the lower faces of the floorboards."

The district court opinion of May 20, 1971, describes in greater detail the invention claimed in 916. See pages 389–390 of 327 F.Supp.

3. The district court was entitled to give weight to the testimony of Stoehr that the pins frequently tore both the rubber strips under the channels and the membrane where it was used, since its observation of this witness led that court to describe him as "a well qualified expert in the flooring field," page 393 of 327 F.Supp. See, also, DX–107 (Item 52 of Joint Exhibit Appendix), DX–90 and 1011a–1017a. The conclusion that the district court did not commit reversible error in holding claim 5 invalid under 35 U.S.C. § 101 makes it unnecessary to consider the contention that this claim is invalid under 35 U.S.C. § 103.

4. See page 390 of 327 F.Supp. An examination of pages 6 ff. of plaintiff's main brief in the district court (Document 83) and pages 22ff. of its reply brief in that court (Document 92) make clear that plaintiff did not contend in the district court that defendant actively induced infringement of the patent in violation of 35 U.S.C. § 271(b). It is too late for plaintiff to raise on appeal this issue which was not presented to the district court. See Roberts v. United States, 316 F.2d 489, 497 (3d Cir. 1967); *cf.* Andrews v. Chemical Carriers, Inc., 457 F.2d 636, 640 (3d Cir. 1972); Tromza v. Tecumseh Products Company, 378 F.2d 601, 604 at n. 4 (3d Cir. 1967).