Marvin SPIRES, Petitioner-Appellant,

v.

Alfred F. DOWD, Warden of the Indiana State Prison, Respondent-Appellee.

No. 12677.

United States Court of Appeals
Seventh Circuit.

Nov. 12, 1959.

J. Frederick Hoffman, Lafayette, Ind., for appellant.

John A. Pushor, Deputy Atty. Gen., of Indiana, Edwin K. Steers, Atty. Gen., of Indiana, Owen S. Boling, Asst. Atty. Gen., of Indiana, for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KNOCH, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Marvin Spires appeals from an order of the district court sustaining a motion to dismiss his petition for a writ of habeas corpus, directed against Alfred F. Dowd, warden of the Indiana state prison, in which petitioner is confined.

We now set forth the relevant facts found in the petition for habeas corpus.

Petitioner was charged by affidavit, filed October 12, 1946, No. 7641, in the circuit court of Clark county, Indiana, with the crime of bank robbery while armed, and being an habitual criminal. There was then pending another affidavit, No. 7632, filed in said court on September 26, 1946, charging the same crime of bank robbery while armed. On September 27, 1946, petitioner, without counsel, entered a plea of not guilty to affidavit No. 7632. This charge was dismissed without further action on June 18, 1953.

On October 12, 1946, petitioner, without counsel, entered a plea of not guilty to affidavit No. 7641. Four days later, which included three nights and Sunday, the plea of not guilty on affidavit No. 7641 was, without petitioner's consent and over his objections, withdrawn by a court-appointed attorney, who substituted an unauthorized plea of guilty. Judgment was immediately entered and petitioner was sentenced to life imprisonment and delivered to the prison where he is still confined under color of authority of said judgment and sentence.

Burns' Indiana Statutes, 1942 Replacements, § 9–908, provides:

"All public offenses, except treason and murder, may be prosecuted in the circuit or criminal court, by affidavit filed in term time, in all cases except when a prosecution by indictment or affidavit for the same offense is pending at the time of the filing of such affidavit. * * * "

On March 17, 1957, Judge James L. Bottorff of the circuit court of Clark county, Indiana, wrote a letter to the then warden of the Indiana state prison, objecting to letters, inquiries and legal pleadings from petitioner to said judge and the clerk of his court and requesting that such be prohibited, including the mailing of legal pleadings for and in behalf of petitioner to said court. Thereupon said warden, on March 25, 1957, issued a written order forbidding petitioner to correspond either with Judge Bottorff or the clerk of the Clark county circuit court. There is no allegation that this order has ever been rescinded.

As a result thereof, the writ of error *coram nobis,* a remedy potentially available to petitioner under Indiana law to review the legality of his detention, has been, since March 25, 1957, unavailable to him, and he has been without any corrective remedy to redress in the state courts his alleged illegal conviction and imprisonment. Therefore, he contends, he is deprived of his liberty without due process of law, in violation of the fourteenth amendment to the constitution of the United States.

Respondent's motion to dismiss avers that petitioner has made no showing that "he has exhausted the state remedy of error coram nobis as to certain matters set forth in the petition, and as to certain other matters there is no showing by the Petitioner that he has any substantial grounds * * * ".[1]

To support the judgment of the district court, respondent relies on the fol-

1. Respondent submitted an accompanying memorandum, in which he said, in part: "Petitioner alleges that the trial judge requested the Warden to take the proper step to suppress all legal pleadings for and on behalf of Petitioner addressed to the trial court. From a reading of the letter, it is quite evident that the trial judge had no such thought in mind nor is there anything in the letter which would even intimate a desire to suppress any legal pleading. The objection of the trial judge was aimed at discourteous personal correspondence which had been directed to himself and to the Clerk of Court by the Petitioner."

lowing proposition of law: petitioner's allegations of fact in his petition are insufficient to show an exhaustion of his available post-conviction remedies.

It is the contention of petitioner that if he is permitted to mail from the prison his petition for a writ of error *coram nobis*, he will be able thereby to seek redress of his rights from the Indiana courts on the following grounds, *inter alia*: He was convicted upon a void affidavit, he was not given sufficient time to secure counsel of his own choice or prepare a defense, and he was convicted upon a plea of guilty entered without his consent and over his objections.

■ We believe that petitioner is entitled to have the district court act upon the facts as alleged in his petition, or, if respondent wishes to file an answer traversing its allegations, that a hearing on petition and answer be held and the facts determined.

■ If respondent stands upon his motion to dismiss the petition, or, if after a hearing on the petition and answer the facts are found as set forth in the petition, we believe that the warden is not justified in refusing to permit petitioner to mail to the clerk of the proper state court any legal document addressed to the court, in pursuance of his remedies under Indiana law. What we have just said does not extend to the mailing or sending of any material directly to any judge in the state courts. Such mailing or sending to a judge is improper.

Upon a remandment of this cause to the district court, it will be the duty of that court to reopen the case for the purpose of further proceedings as herein indicated,[2] including a postponement of a final hearing in the district court pending the filing of a petition for a writ of error *coram nobis* in the state court and proceedings thereon to a final determination, after which a further hearing may be held and an order may be entered in the district court in the pending habeas corpus proceedings.

For these reasons, the order of the district court is reversed and this cause is remanded to that court for further proceedings not inconsistent with the views herein expressed.

Mr. J. Frederick Hoffman, of the Indiana bar, has served without compensation as attorney for defendant in this court. He has ably represented his client. We thank Mr. Hoffman for his service.

Reversed and remanded with directions.

2. United States ex rel. Westbrook v. Randolph, 7 Cir., 259 F.2d 215, 218.