Marvin SPIRES, Plaintiff-Appellant,

v.

James L. BOTTORFF, Defendant-Appellee.

No. 13998.

United States Court of Appeals Seventh Circuit.

May 3, 1963.

Marvin Spires, in pro. per.

Robert G. Bottorff, Jeffersonville, Ind., for appellee.

Before SCHNACKENBERG, KILEY, and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

Petitioner appeals from an order denying him leave to prosecute in forma pauperis his civil rights suit[1] for damages. We take jurisdiction as of a final judgment because the result of the ruling is to effectually preclude petitioner from court. Roberts v. United States Dist. Court, 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950), United States ex rel. Morris v. Radio Station WENR, 209 F.2d 105 (7th Cir. 1953), Lipscomb v. United States, 301 F.2d 905 (9th Cir. 1962).

Petitioner is a prisoner in the Indiana State Prison. He filed his complaint, to-

1. The action was brought under 28 U.S.C. § 1343, and 42 U.S.C. § 1983.

gether with his motion, supported by affidavit, asking leave to proceed in forma pauperis. His affidavit in support of the motion states he is without funds or resources with which to pay fees or costs, and that his complaint is not frivolous, and that he believes it to have merit.

The complaint alleges that defendant, an Indiana Circuit Court Judge, deprived petitioner of due process by wrongfully inducing the warden of the penitentiary to prevent him from corresponding with the clerk of the Circuit Court of Clark County with respect to petitioner's previous conviction in that court; and by misusing and abusing his authority under Indiana law to deprive petitioner of a fair hearing in his coram nobis proceeding to set aside the previous conviction. He alleged that defendant, after disqualifying himself to act in the coram nobis proceeding, obtruded himself in that proceeding; interfered with the trial judge; filed a false affidavit against petitioner, knowing it to be false; and intimidated and discredited the Indiana Public Defender representing petitioner in the proceeding.[2]

As exhibits to his complaint, petitioner attached a copy of defendant's letter to the warden stating that he and the clerk of the Clark County Court were "agitated with" and troubled by petitioner's requests and demands for copies of the charges against him. The letter expressed appreciation for anything the warden might do in order that "this situation may be straightened out." Petitioner's second exhibit is a copy of the warden's order stating that, in view of defendant's letter, "I wish to advise that the above named inmate will not be permitted to correspond * * *" either with the defendant or the clerk. Peti-

tioner's motion for leave to sue in forma pauperis was denied.

The question is whether the District Court erred in denying the motion to sue in forma pauperis on the ground the action was frivolous or malicious.[3]

The District Court gave two reasons for denying the motion: defendant's letter did not suggest or request that petitioner's "legal pleadings"[4] be suppressed; and defendant, having disqualified himself as judge, could not have been acting under color of law in doing at the coram nobis trial what he is charged with doing.

As to the first reason: The warden presumably read defendant's letter differently than the District Court did. We think a jury could read the letter to mean what the warden read it to mean and find that defendant had thereby denied petitioner access to the courts. These findings would support a verdict for petitioner. Hatfield v. Bailleaux, 290 F.2d 632 (9th Cir. 1961), cert. denied, 368 U.S. 862, 82 S.Ct. 105, 7 L.Ed.2d 59.

And as to the second reason: Defendant as a judge possessed power by virtue of state law which clothed him with authority of state law and made it possible for him to do what he is charged with doing. United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1940), Screws v. United States, 325 U.S. 91, 111, 65 S.Ct. 1031, 89 L.Ed. 1495 (1944). He did not, by disqualifying himself, become any less a judge and without the state authority he had, he could not have been as effective in interfering, as charged, with petitioner's right to an orderly and fair hearing. If the disqualification rendered him immune from overstepping his authority, "the words 'under color of any law' were hard-

---

2. Petitioner states in his reply brief that defendant's letter to the warden and the latter's order prevented him from complying with an order of the court in the coram nobis proceeding that he substantiate his coram nobis petition.

3. 28 U.S.C. § 1915(d) provides: "The court may * * * dismiss the case if

* * * satisfied that the action is frivolous or malicious."

4. The term was used initially by this court in describing the same facts in an opinion in a related case, Spires v. Dowd, 271 F. 2d 659, 660 (7th Cir. 1959).

ly apt words to express the idea." Screws v. United States, 325 U.S. 91, 111, 65 S.Ct. 1031, 1040 (1944).

We are of the opinion that petitioner has stated a cause of action under the Civil Rights Acts. Neither the cases cited nor the reasons asserted in defendant's brief support the contrary position. We think the District Court's conclusion that the complaint does not state a claim upon which relief can be granted is erroneous; and that the court abused its discretion in denying petitioner's motion for leave to sue in forma pauperis on the ground that it was frivolous and without merit.

For the reasons given, the judgment is reversed and the cause is remanded to the District Court for further proceedings.