(No. 41518.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LON CHRISTOPHER SIGAFUS, Appellant.

*Opinion filed January 29, 1969.*

LON C. SIGAFUS, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and WILLIAM R. NASH, State's Attorney, of Rockford, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

On May 26, 1965, the petitioner, Lon Christopher Sigafus, pleaded guilty in the circuit court of Winnebago County to a charge of theft and was sentenced to the penitentiary for a term of 2 to 7 years. In June of 1966, he filed a petition pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, ch. 38, par. 122—1 *et seq.*) alleging that his constitutional rights had been violated in the trial proceedings against him. More specifically, he alleged, *inter alia,* that he had received incompetent representation and that his plea of guilty had been induced by the prose-

cutor's promise of a sentence of one year or less. The trial court dismissed the petition on the State's motion and an appeal was taken to this court. We reversed and remanded with directions to hold an evidentiary hearing on these and any other appropriate allegations of the petition. It was further ordered that petitioner be appointed counsel other than the public defender and that he be allowed to be present at the hearing. 39 Ill.2d 68.

In compliance with our order, the trial court, in April of 1968, held a full hearing on the factual issues created by the petition and the State's answer thereto. Testimony was taken from all relevant witnesses, including petitioner, his trial counsel and the prosecutor, and oral argument was made by the State and petitioner's appointed counsel. At the conclusion of the hearing, the trial court denied the petition. Subsequently, petitioner filed a notice of appeal wherein he stated that he did not want counsel appointed for him but requested that "the record stand as appellant's brief etc." In response to a letter by the Clerk of this court informing him of the due date for filing his abstract and brief, he reiterated this request to "let the record stand as appellant's brief etc." In addition, he filed a written motion alleging that the trial court "acted in a most unfavorable manner upon [his] being returned thereof," and asking that this court reduce his original sentence. We allowed petitioner to proceed *pro se* without the necessity of filing a brief and abstract. The cause is thus before us solely on his motion, the State's brief and the transcript of the remanded post-conviction proceedings.

Petitioner's only discernible claim of error relates to possible prejudice on the part of the post-conviction hearing judge. No specific rulings or other actions of the court have been brought to our attention to substantiate this claim and our examination of the record discloses that no "plain error" was committed in the challenged proceedings; on the contrary, it shows that petitioner received a full and im-

partial hearing on the issues raised, that no relevant evidence was excluded from admission, and that he was effectively represented by counsel. The trial court resolved the factual issues created by the conflict in testimony between petitioner and the other witnesses against the petitioner and its findings are fully supported in the record. We hold, therefore, that the denial of the petition was proper.

No reasons are advanced, nor do any appear to exist, to justify the exercise of our power to reduce sentence. (See *People* v. *Taylor,* 33 Ill.2d 417.) Accordingly, the judgment of the circuit court of Winnebago County is affirmed. *Judgment affirmed.*