Lon C. **SIGAFUS**, Petitioner-Appellant,

v.

Sheriff Herald D. **BROWN**, Respondent-Appellee.

No. 17054.

United States Court of Appeals Seventh Circuit.

Aug. 4, 1969.

**106**

Lon C. Sigafus, Phillip H. Ginsberg, Dallin H. Oaks, David Currie, Judson H. Miner, Chicago, Ill., for appellant.

William R. Nash, State's Atty., John H. Foley, Jr., Asst. State's Atty., Philip G. Reinhard, State's Atty., Winnebago County, Ill., Rockford, Ill., for appellee.

Before CUMMINGS and KERNER, Circuit Judges, and GRANT, District Judge.[1]

CUMMINGS, Circuit Judge.

The *pro se* complaint in this action was filed in forma pauperis and claims $25,000 in damages for denial of "substantial Constitutional rights." On the district court's own motion, it dismissed the action without opinion "for lack of federal jurisdiction." Relying on the Civil Rights Act, on appeal plaintiff asserts that the complaint states a cause of action for denial of plaintiff's right of access to the Illinois courts and should not have been dismissed at the outset.

As amended, the complaint shows that the plaintiff was confined in the Winnebago County jail in Rockford, Illinois, from March 28, 1968, until May 2, 1968. He had been transferred there from the Illinois penitentiary at Stateville in order to participate in a post-conviction evidentiary hearing in the Circuit Court of Winnebago County as required by the Illinois Supreme Court in People v. Sigafus, 39 Ill.2d 68, 233 N.E.2d 386 (1968). The complaint alleges that jail guards working under the direction of the defendant, Sheriff Herald [Herbert] D. Brown, confiscated and destroyed legal papers that were essential to plaintiff for this hearing. He is seeking $25,000 in damages caused by the loss of these legal papers.

Defendant's motion to dismiss the complaint and supporting affidavit were filed 8 days after plaintiff had filed his notice of appeal from the *sua sponte* order dismissing his cause for lack of federal jurisdiction. The affidavit alleges that on April 9, 1968, after hearing the testimony of the plaintiff and other witnesses, the Circuit Court of Winnebago County dismissed his post-conviction petition. Plaintiff's brief states that if this were so, "then when defendant's jail guards destroyed plaintiff's legal papers on April 26th, plaintiff was at the stage of preparing an appeal from the action of the trial court." [2]

Defendant first contends that this complaint is technically deficient, but his brief terms it a "prisoner's civil rights action." Since the complaint concludes that plaintiff "has indeed been denied substantial Constitutional rights," his counsel asserts that it is based on the Civil Rights Act (42 U.S.C. § 1981 *et seq.*), particularly Sections 1983 and 1985(2) and (3).[3] Liberal construction is to be accorded to a *pro se* complaint.[4] Thus we recently sustained a Section 1983 action by a state prisoner

1. Chief Judge Grant of the Northern District of Indiana is sitting by designation.

2. The appeal was later decided adversely to plaintiff. People v. Sigafus, 42 Ill.2d 26, 244 N.E.2d 175 (1969).

3. Plaintiff's brief also contains a passing reference to Section 1986 of the Civil Rights Act. On remand, if there is any further reliance on Section 1986, the district court can consider whether a cause of action is stated under that Section.

4. Dioguardi v. Durning, 139 F.2d 774, 775 (2d Cir. 1944); Rini v. Katzenbach, 374 F.2d 836, 837, 838 (7th Cir. 1967); 2A Moore's Federal Practice ¶ 8.13, p. 1707 (2d ed. 1968).

even though it was "not cast in terms of denial of equal protection." United States ex rel. Campbell v. Pate, 401 F.2d 55, 57 (7th Cir. 1968). In that vein, we shall assume that this complaint is based on the foregoing Sections of the Civil Rights Act. If a claim has been stated under that Act, then Sections 1331(a) and 1343 of the Judicial Code (28 U.S.C. §§ 1331(a) and 1343) confer jurisdiction on the district court.

Defendant appears to concede that the deprivation of materials necessary to afford reasonable access to the courts violates the Due Process Clause of the Fourteenth Amendment and that a federal court has jurisdiction of a claim for damages based on such deprivation. This is consistent with the rule of Johnson v. Avery, 393 U.S. 483, 485, 89 S.Ct. 747, 21 L.Ed.2d 718, that "it is fundamental that access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed." As pointed out in the concurring opinion there, reasonable access to the courts is guaranteed as against state action by the Due Process Clause of the Fourteenth Amendment. 393 U.S. at p. 498, note 24, 89 S.Ct. 747.[5] Even prior to the *Johnson* case, this Court had held that Section 1983 of the Civil Rights Act supports a prisoner's complaint based on interference with access to the courts. Spires v. Bottorff, 317 F.2d 273 (7th Cir. 1963).

The very question before us was presented in DeWitt v. Pail, 366 F.2d 682 (9th Cir. 1966). There the plaintiff alleged that a state officer confiscated legal papers which plaintiff had in his cell and which he needed in appealing from a state court's judgment of conviction. As here, the district court dismissed the complaint. In reversing, the Court of Appeals stated (at p. 685):

"When the efforts of a state prisoner to obtain an available state appellate review of his conviction are frustrated by the action of penal officials, there has been a violation of the Due Process Clause of the Fourteenth Amendment."

To avoid the claim that a cause of action has been stated under the Civil Rights Act, the defendant's brief presents various factual statements that are not yet of record as defenses to the complaint. If these matters can be proved, perhaps plaintiff will not ultimately prevail. However, nothing of record shows that his claim is wholly insubstantial or frivolous. Therefore dismissal for want of federal jurisdiction was improper. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939.

Phillip H. Ginsberg of the faculty of the University of Chicago Law School volunteered to serve as plaintiff's attorney. The Court is appreciative of his distinguished representation.

Reversed and remanded.

---

5. The concurring opinion was quoting from Hatfield v. Bailleaux, 290 F.2d 632, 636 (9th Cir. 1961), certiorari denied, 368 U. S. 862, 82 S.Ct. 105, 7 L.Ed.2d 59, which was also mentioned in the opinion of the Court (393 U.S. at p. 490, 89 S.Ct. 747).