Hastings, Senior Circuit Judge, dissented and filed opinion.

Robert HARRIS, Plaintiff-Appellant,

v.

Frank J. PATE, Warden, Defendant-Appellee.

No. 18718.

United States Court of Appeals, Seventh Circuit.

March 12, 1971.

**316**

Robert Harris, pro se.

William J. Scott, Chicago, Ill., Joel Flaum, Warren K. Smoot, Asst. Attys. Gen., Kerry R. Cordis, Asst. Atty. Gen., of counsel, for appellee.

Before HASTINGS, Senior Circuit Judge, and KERNER and STEVENS, Circuit Judges.

STEVENS, Circuit Judge.

This appeal raises three questions: (1) whether the complaint states a cause of action; (2) whether the district court properly refused to lend its assistance to plaintiff, a prison inmate, in obtaining affidavits in opposition to defendant's motion for summary judgment; and (3) whether the court erred in refusing to grant plaintiff additional time which he required to obtain such affidavits before ruling on the motion. We think appellant's first and third contentions have merit, but reject the second.

### I.

■ Appellant is a prison inmate without funds to employ counsel. Accordingly, as we have consistently held, his complaint should be accorded a liberal construction. Sigafus v. Brown, 416 F.2d 105, 106 (7th Cir. 1969); United States ex rel. Campbell v. Pate, 401 F.2d 55, 57 (7th Cir. 1968).

■ Construing the complaint liberally, and accepting its allegations as true for the purpose of testing its sufficiency,[1] it alleges that defendant's interference with his mail and visiting rights prevented him from preparing an adequate defense to a state criminal charge to which, as a result, he pleaded guilty on December 8, 1969; and, further, that the continued interference with plaintiff's access to outsiders has impeded his ability to prosecute an appeal in the state courts.[2] This court has recognized that the judgment of prison

---

1. Of course, defendant's affaidavits and exhibits cannot be considered on this question.

2. Plaintiff sought injunctive relief and damages against Warden Pate and other unnamed officials of the Joliet state prison, where he was incarcerated at the time. Harris purported to allege a conspiracy to deny him due process and equal protection of the law in violation of the Fourteenth Amendment and the Federal Civil Rights Act. He further alleged that the purpose of the conspiracy was to injure him legally and personally. The

misconduct charged in the complaint can be summarized as follows: (1) at various times in 1968, 1969, and continuing to the time of the filing of the complaint in 1970, defendant interfered with or stopped Harris's legal and personal mail and denied him the use of funds sent by friends; (2) on or after April 11, 1968, defendant stopped visitors and advised them not to assist Harris; (3) at various times certain prison officers made the contents of Harris's personal letters available to other inmates; (4) one Bernyce Paschal was permitted access to Harris's legal and personal letters and allowed and

administrators with regard to prison practices, including limitations on mail and visiting privileges, is entitled to deference. Cooper v. Pate, 382 F.2d 518, 521–522 (7th Cir. 1967). However, we have also held that a prisoner's complaint based on interference with his access to the courts states a claim for relief under the Civil Rights Act. Sigafus v. Brown, 416 F.2d 105 (7th Cir. 1969); Spires v. Bottorff, 317 F.2d 273 (7th Cir. 1963).[3] It may be that Harris will not be able to prove his allegations, but his pleading is sufficient.

## II.

Plaintiff's complaint was filed on April 8, 1970. On May 28, 1970, defendant[4] filed a motion to dismiss or for summary judgment, with a supporting memorandum, exhibits, and affidavits executed by defendant and other prison officers. On June 18, 1970, plaintiff filed a "cross-motion to dismiss defendant's motion," in which he asserted that he had been unable to obtain affidavits to support his allegations because of his difficulty in communicating with outsiders.[5] On July 2, 1970, plaintiff filed a second motion in response to the

motion for summary judgment. This motion called attention to the fact that Harris is without legal counsel and reiterated his claim that he cannot effectively communicate with outsiders. It indicated that, after filing his cross-motion, Harris had unsuccessfully attempted to mail affidavit forms to a friend, Maggie Byndum, and to certain other persons. The forms which are appended to the motion and, therefore, a part of the record on appeal, call for affirmative or negative responses to various statements which tend to substantiate Harris's allegations concerning interference with his mail, receipt of funds, and visitors privileges. The prayer of the motion was that the trial court grant Harris a continuance and allow time for the forms to be executed and returned for consideration on the motion for summary judgment. Additionally, the motion asked the court's assistance to ensure that the forms are mailed to the persons designated by plaintiff. There is nothing in the record to indicate that defendant ever responded to this motion.

By an order dated July 10, 1970, the trial court denied plaintiff's motion con-

---

encouraged to use information in those letters to injure and ridicule him; (5) defendant caused a false report concerning Harris to be prepared by the Behavioral Clinic of the Circuit Court of Cook County; and (6) defendant spread a false rumor that Harris was a police informer.

Certain letters which are part of the record on appeal suggest that Harris was attempting to obtain a transfer from Joliet to the Menard state prison while this action was pending in the district court. However, even if plaintiff is no longer incarcerated at Joliet, his claim for damages is not moot, nor is his claim for injunctive relief necessarily moot. Pierce v. LaVallee, 293 F.2d 233, 234 (2d Cir. 1961).

3. In *Sigafus* we determined that a claim for damages was stated under 42 U.S.C. § 1983 when plaintiff alleged destruction by jail guards of legal papers necessary for his appeal of a state conviction. We do not deem plaintiff's imperfect attempt to plead a conspiracy to preclude a deter-

mination that a § 1983 claim has been stated. See Jennings v. Nester, 217 F.2d 153, 154 (7th Cir. 1954); Huey v. Barloga, 277 F.Supp. 864, 873 (N.D.Ill.1967).

4. We shall refer to only one defendant, Warden Pate. He is the only party identified by name in the complaint and, according to the record, the only party served. Plaintiff, however, consistently refers in his complaint to "defendants" and to a "conspiracy among defendants." The other defendants are alleged to be prison officials at Joliet.

5. While plaintiff's cross-motion, like his complaint, lacks the precise attention to legal requirements that one would expect from a lawyer, it does clarify allegations in the complaint, including the identity of at least some of the prison officials who allegedly participated in the conspiracy and who presumably are the unnamed defendants. Furthermore, the cross-motion to some extent controverts defendant's affidavits in their denial of interference with Harris's mail, and his use of funds.

cerning the affidavit forms.[6] On the same day the court granted defendant's motion and dismissed the complaint.

■ On the record before us, we are satisfied that it was not an abuse of discretion for the court to decline to lend its assistance to plaintiff in trying to obtain affidavits in support of his allegations. Relevant portions of plaintiff's motion papers were unsworn. With one exception, as far as we can determine from the record, his proposed affiants were unidentified. The record demonstrates that plaintiff was, in fact, able to communicate with the court through the mails; accordingly, the court could consider the improbability of the unsworn charges that he was unable to communicate with others in exercising its discretion not to interfere with the institutional procedures for processing plaintiff's mail. The district court did not err in denying this aspect of plaintiff's second motion.

## III.

■ The denial of plaintiff's request for a continuance to enable him to obtain affidavits in opposition to defendant's motion presents a different question. Rule 12(b) of the Federal Rules of Civil Procedure provides, in part:

"If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

The drafters of Rule 56 anticipated the possibility that an opposing party might require additional time in order to obtain counteraffidavits and expressly provided for the granting of a continuance upon a proper showing.[7] Of course, in the first instance the decision to permit a continuance is within the sound discretion of the trial court. Given the circumstances of this case, however, the trial court's refusal to grant a continuance was an abuse of its discretion. Plaintiff was not represented by counsel and, because of his incarceration, he was less able than an ordinary party to obtain affidavits effectively and expeditiously. Furthermore, the pleadings which he sought to support complained of special disabilities affecting his communication with outsiders. The failure to grant Harris's motion deprived him of a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." In effect, it deprived him of an adequate opportunity to be heard. *Cf.*, Georgia Southern & F. Ry. Co. v. Atlantic Coast Line R. Co., 373 F.2d 493, 497–498 (5th Cir. 1967) cert. denied 389 U.S. 851, 88 S.Ct. 69, 19 L.Ed.2d 120.[8]

---

6. The court's reason for denying the motion was:

    " * * * this court will not interfere with the administration of internal affairs of a penal institution, unless there is an abuse of discretion in the administration of such affairs."

7. Fed.R.Civ.P. 56(f). The Advisory Committee Note accompanying the 1963 amendment to Rule 56 re-emphasizes the force of subdivision (f):

    " * * * Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented. And summary judgment may be inappropriate where the party opposing it shows under subdivision (f) that he cannot at the time present facts essential to justify his opposition."

8. Local rules for the Northern District of Illinois provide for oral argument on a motion only when requested and then in the court's discretion. Local Rule 13(d). This rule may have the salutary effect of expediting the business of the court and conserving in-court time for more serious matters. However, its existence requires that the parties be afforded every reasonable opportunity to submit written argument and supporting material to the court prior to a decision.

The Federal Rules are explicit in their requirement that a party opposing a motion to dismiss for failure to state a claim for relief, accompanied by exhibits and affidavits, must be afforded a full opportunity to respond pursuant to Rule 56. The right to respond by affidavit or otherwise cannot be denied merely because the trial judge believes that plaintiff's claim is insubstantial or frivolous. Cohen v. Cahill, 281 F.2d 879 (9th Cir. 1960); see, also, Bane v. Spencer, 393 F.2d 108 (1st Cir. 1968) (per curiam), cert. denied 400 U.S. 866, 91 S.Ct. 108, 27 L.Ed.2d 105. We hold that the denial of a continuance improperly deprived plaintiff of an important procedural right.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

HASTINGS, Senior Circuit Judge (dissenting).

Plaintiff-appellant Harris is presently incarcerated in the Illinois State Penitentiary, Joliet, Illinois as a prisoner of the State of Illinois. He brings this action *pro se* and has acted as such throughout this proceeding.

The instant complaint should be placed in proper perspective for a determination of its true character. First, plaintiff does not claim he is unlawfully in custody nor does he seek release from prison. Second, plaintiff makes no charge of physical mistreatment nor does he charge discrimination because of his religious beliefs.

Plaintiff files what purports to be a complaint under the Federal Civil Rights Act [1] in which he seeks to recover $1,000,000 actual damages and $1,000,000 punitive damages against defendant Frank J. Pate, Warden of the prison where he is held in custody, as well as an injunction to restrain defendant from alleged illegal acts.[2] In substance, plaintiff complains of interference with his mail privileges in a variety of ways; a detainer at times against his funds; and the spreading of various false rumors about him.

Defendant filed a motion to dismiss the complaint or for summary judgment with voluminous supporting memoranda, affidavits and exhibits. Plaintiff filed a cross-motion to dismiss. Subsequently, the district court entered an order granting defendant's motion for summary judgment and dismissed the complaint for failure to state a claim upon which relief might be granted.

I would affirm the dismissal of the complaint on the grounds that it fails to state a cause of action pursuant to § 1983 of the Civil Rights Act. In my considered judgment, its allegations are merely broad conclusions, utterly devoid of any factual support or any degree of specificity required to show a deprivation of defendant's federal constitutional rights.

I am fully aware of the rule of law which accords a liberal construction to prisoner *pro se* petitions and complaints and have joined in its application over the years The majority cites and relies upon Sigafus v. Brown, 7 Cir., 416 F.2d 105 (1969). However, in that case our court found the requisite degree of specificity to make the conclusions meaningful, which I find absent in the case before us.

I am also cognizant of the well established rule that where a complaint, such as the one we have before us, at best does nothing more than merely state vague and conclusionary allegations, failing to state facts which reasonably may be held to support such conclusions, then the complaint must fall as not being within the reach of § 1983, *supra.* Dieu v. Norton, 7 Cir., 411 F.2d 761, 763 (1969); Powell v. Workmen's Compensation Bd. of State of New York, 2 Cir., 327 F.2d 131, 137 (1964).

1. Title 42, U.S.C.A. §§ 1983, 1985(3).

2. Plaintiff at times makes reference to other unnamed defendants, but Warden Pate is the only identifiable defendant named.

320

My disagreement with my brothers in the majority is that I do not read the complaint as they have done. To me it appears as but another in the ever increasing volume of frivolous civil actions filed by state custodial prisoners seeking to engage the attention of the federal judiciary through the recitation of a federal statute or a federal constitutional amendment. Of course, most prisoners would enjoy a holiday in court. I cannot believe that such a course in the case at bar is consistent with the deference due a busy district court nor that it will serve well the orderly administration of the state prisons of Illinois.

Finally, I find no abuse of the sound discretion vested in the district court in denying the defendant's motion for an order directing the prison personnel to mail certain attached uncompleted forms to the persons to whom they are directed, and to continue the case until such time as they are "posted, filled and verified, returned to the Court, filed and duly considered."

I would affirm the order of the district court dismissing the complaint in issue.