Robert O. GILMORE, Jr., John Van Geldern, et al., Plaintiffs,

v.

Thomas C. LYNCH, Attorney General, etc., et al., Defendants.

No. 45878.

United States District Court, N. D. California.

April 1, 1971.

See also D.C., 319 F.Supp. 105.

---

John Wahl, San Francisco, Cal., for plaintiffs.

Thomas C. Lynch, Atty. Gen., State of California, San Francisco, Cal., for defendants.

## ORDER DENYING WITHOUT PREJUDICE MOTION TO STRIKE PRAYER FOR DAMAGES

WOLLENBERG, District Judge.

This action deals with a wide range of grievances set forth by the complaints of a great number of California prisoners. It includes prayers for injunctive and monetary relief made not only by those plaintiffs whose cases are consolidated herein, but also by a vast number of other plaintiffs whose cases have been held in abeyance pending the Court's decision in the instant matter.

Defendants move to strike the prayers for damages as to the named as well as the "Doe" defendants herein. The motion raises tremendous logistical problems. The immunity of public officials from damage claims under the federal civil rights statutes varies according to the degree of willfulness alleged by the plaintiff(s), the position occupied by the particular defendant, and the range of discretion granted to him by relevant statutes, regulations, and court orders. See, for example, Hoffman v. Halden, 9 Cir., 268 F.2d 280 (1959); Robichaud v. Ronan, 9 Cir., 351 F.2d 533 (1965); Birnbaum v. Trussell, 2 Cir., 347 F.2d 86 (1965); DeWitt v. Pail, 9 Cir., 366 F.2d 682 (1966); Silver v. Dickson, 9 Cir., 403 F.2d 642 (1968); Sigafus v. Brown, 7 Cir., 416 F.2d 105 (1969); Sostre v. McGinnis, 2 Cir., 442 F.2d 178 (1971). In brief, a meaningful decision as to the immunity of defendants here would require determination of issues which vary in each plaintiff's case.

Furthermore, the claims for damages herein are predicated in large part on this Court's granting injunctive and declaratory relief as to questions which parties agree remain to be decided. Among these are allegations that the Adult Authority consistently denies parole to prisoners deemed overly litigious; that mail communication to judges, attorneys, and government officials has been unreasonably hindered; and that officials have denied plaintiffs meaningful access to prison law libraries.

The Court therefore concludes that it would be best for plaintiffs herein to move for an early hearing on the unresolved issues of substance, as cited above. Following decision of those issues, both parties should move expeditiously to dispose of each complaint on an *ad hoc* basis. Final judgment can then be entered as to those complaints which state no claim for damages, and which do not contain issues unrelated to those which will have by that time been resolved. Other complaints will no doubt be subject to dismissal on grounds of official immunity. Still others will be amenable to resolution by a motion for summary judgment supported by affidavits. Finally, there will be those which will require findings of fact, both as to wrongs alleged and as to damages claimed. The above procedure is tedious, and will require considerable case by case analysis by counsel for the parties herein. But there seems to be little alternative.

Accordingly, it is hereby ordered that defendants' motion to strike the prayer(s) for damages herein be denied, without prejudice to its being reconsidered in the manner outlined above.