Willard **HOLTON**, d/b/a Holton Cartage, Plaintiff-Appellant,

v.

Jerry L. **BOMAN** et al., Defendants-Appellees.

No. 72-1248.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 27, 1973.

Decided March 28, 1974.

---

Frank J. Galvin, Jr., Hammond, Ind., for plaintiff-appellant.

Grant Van Horne, Auburn, Ind., Carl J. Suedhoff, Jr., Fort Wayne, Ind., for defendant-appellee.

Before KILEY, Senior Circuit Judge, CUMMINGS, Circuit Judge, and CAMPBELL, Senior District Judge.[*]

KILEY, Senior Circuit Judge.

Plaintiff Willard Holton, an Illinois resident, brought a tort action seeking damages against H. Charles Winans and other defendants arising from the conversion of his property. The district court granted Winans' motion for summary judgment on the ground that as county prosecutor he was immune from civil liability. Holton then moved for leave to file an amended complaint against Winans, based upon various civil rights statutes.[1] The court denied the motion and Holton has appealed. We reverse and remand.[2]

On May 25, 1969 plaintiff's tractor-trailer was removed from his premises. About a month later the tractor turned up in Auburn, Indiana in the possession of Jerry L. Boman, Bob Albright and Boman-Albright, Inc. Holton learned of this and went to Auburn several times, trying unsuccessfully to regain possession.

---

[*] Senior District Judge William J. Campbell of the Northern District of Illinois, Eastern Division, sitting by designation.

1. 42 U.S.C. §§ 1981, 1982, 1983 and 1985(3).

2. On May 9, 1973 we entered a hold order in this case pending the outcome of the United States Supreme Court decision in Littleton, et al. v. Berbling, etc., et al., 468 F.2d 389 (7th Cir. 1972). The Supreme Court recently handed down its decision sub nom. Spomer v. Littleton, et al., 414 U.S. 514, 94 S.Ct. 685, 38 L.Ed.2d 694 (1974). The Supreme Court found, in the record, no "concrete controversy" between the plaintiff class and Spomer—who succeeded in office Berbling, named as defendant in the complaint—and remanded to this court for determination whether the case against Berbling was moot and to give the class an opportunity to amend to name Spomer. The Court did not address itself to the issue of damage relief. That issue, which has pertinence to the case before us, was not before the Supreme Court for consideration since it had not been "timely filed." As of the date of this opinion the Supreme Court has not yet defined the scope of immunity enjoyed by a state prosecutor.

Holton thereafter brought his suit against Boman, Albright and Boman-Albright, Inc. During the course of discovery he decided to join the county prosecutor, Winans, as a party defendant. An amended complaint was then filed alleging that Winans participated in a conspiracy to deprive Holton of his tractor-trailer. In a subsequently amended complaint Holton additionally alleged that Winans: tortiously failed to perform his official duties by failing to assist him in regaining possession of his tractor-trailer; and interfered with a contract between Holton and a third party.[3]

After further discovery Holton concluded that he had a civil rights action against Winans and proffered a second amended complaint repeating substantially the allegations of tortious misconduct in violation of Holton's civil right to equal protection of Indiana law, and seeking damages. The district court denied leave to file the amended civil rights complaint on the ground that it would be prejudicial to the defendants, who had completed their discovery, to permit Holton to raise a new theory.

Holton contends that the district court erred in denying his motion for leave to file the second amended complaint.

The vital question before us is whether a prosecutor is immune from liability for damages sought in a civil rights action predicated on the prosecutor's refusal to assist a citizen in regaining his property which is in the alleged unlawful possession of other persons.

■■ Prosecutorial immunity is derived from the doctrine of judicial immunity. Judges are immune from liabilities under suits arising from acts performed within the scope of their judicial duties. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). This Circuit, however, has held a judge liable for damages when he acted outside the scope of his duties. Spires v. Bottorff, 317 F.2d 273 (7th Cir. 1963). Since prosecutorial immunity is derived from judicial immunity, it follows from *Spires* that a prosecuting attorney is not immune from liability for damages for acts outside of the scope of his official duties and without authority of law.

In Robichaud v. Ronan, 351 F.2d 533 (9th Cir. 1965), Judge Ely addressed himself to this issue by stating:

We believe, however, that when a prosecuting attorney acts in some capacity other than his quasi-judicial capacity, then the reason for his immunity—integral relationship between his acts and the judicial process—ceases to exist. If he acts in the role of a policeman, then why should he not be liable, as is the policeman, if, in so acting, he has deprived the plaintiff of rights, privileges, or immunities secured by the Federal Constitution and laws? See Monroe v. Pape, supra, 365 U.S. [167] at 187, 81 S.Ct. 473 [5 L.Ed.2d 492]; see also Schneider v. Shepherd, 192 Mich. 82, 158 N.W. 182, L.R.A.1916F, 399 (1916), cited in Yaselli [v. Goff], 12 F.2d [396] at 405. To us, it seems neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other. *Id.*, at 536–537.

In accord with *Robichaud*, this Circuit recently held that a prosecutor is not absolutely immune from liability for damages even if it can be concluded that he was acting within the scope of his prosecutorial duties. Hampton v. City of Chicago, Cook County, Illinois, 484 F.2d 602 (7th Cir. 1973), cert. den. 415 U.S. 917, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974). There the court was unpersuaded by defendants-prosecutors' arguments that the drafting of a search warrant which was executed and gathering evidence constituted activities within the

3. Although this was Holton's second amended complaint it was only the first amended complaint as to Winans. Accordingly reference to Holton's amended complaints in this opinion shall be identified as they related to Winans.

scope of prosecutorial immunity. Judge Stevens, writing for the majority, noted that "the availability of immunity depends on the character of the conduct under attack." *Id.*, at p. 608.

Holton's second amended complaint alleges that Winans in his capacity as prosecuting attorney did under color of law deprive him, as "a Negro, and a citizen of another state, the equal protection of the laws [and] equal privileges and immunities under the laws, . . . ." He has set out specific dates upon which Winans in conjunction with the other defendants is alleged to have engaged in activities in furtherance of a conspiracy to deprive him of his tractor-trailer. More precisely, Holton alleges that upon his request Winans refused to assist him in regaining possession of his tractor-trailer and refused to take official action against those in whose alleged unlawful possession his property was being held.

We think that Holton's allegations are sufficient to state a civil rights cause of action requiring Winans to plead with respect to the allegation that his conduct was unlawful and beyond the scope of his official duties. We note, of course, that a prosecutor may not be subjected to liability in every instance where he refuses to prosecute. He should have a broad discretion to determine when his prosecutorial activity should be invoked. And where his refusal is in good faith he is immune from liability. Hampton v. *City of Chicago, Cook County, Illinois, supra.* However, when he is properly alleged to be guilty of conduct of a character not in the field of his prosecutorial authority or duty, the pleading against him may not be dismissed as not stating facts which if proven would subject him to liability.

We therefore conclude that the district court erred in denying Holton's leave to file a second amended complaint.[4] The judgment is reversed and the cause remanded with direction to grant Holton leave to file the second amended complaint and for further proceedings consistent with this opinion.

---

4. As a result of our disposition we need not reach the other issues raised in Holton's brief.