**Roger KNELL, Plaintiff,**

v.

**Peter B. BENSINGER, Director, Department of Corrections, State of Illinois, and John J. Twomey, Warden, Illinois State Penitentiary, Joliet, Illinois, Defendants.**

**Nos. 72 C 138, 72 C 1104.**

United States District Court,
N. D. Illinois, E. D.

July 30, 1974.

Edward Beis, Chicago, Ill., for plaintiff.

William J. Scott, Atty. Gen. of Ill., Jayne A. Carr and James B. Zagel, Asst. Attys. Gen., Crim. Div., Chicago, Ill., for defendants.

## FINDINGS OF FACT and CONCLUSIONS OF LAW

PERRY, Senior District Judge.

This case coming on for hearing on July 5, 1974, with the parties having been represented by their respective

counsel, and the court having heard the evidence and argument of counsel, now makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. The plaintiff, Roger Knell, was an inmate of the Illinois State Penitentiary, Stateville Branch, during the relevant periods of time alleged in the complaint.

2. Roger Knell was released on parole from the Illinois State Penitentiary, Stateville Branch, on January 18, 1973, and was discharged from the custody of the Illinois Department of Corrections on February 19, 1974.

3. The defendant, Peter B. Bensinger, was the Director of the Illinois Department of Corrections and the defendant, John J. Twomey, was the Warden of the Illinois State Penitentiary, Stateville Branch, during the periods of time relevant to the allegations of the complaint.

4. On November 17, 1971, the plaintiff was placed in disciplinary isolation for fifteen (15) days at the Stateville Branch of the Illinois State Penitentiary for the violation of a prison rule.

5. On November 17, 1971, plaintiff was not a party to any then-pending lawsuit in any court of record.

6. At the time that plaintiff was placed in isolation, the Illinois Department of Corrections followed a policy of limiting the time which any inmate might serve in isolation to a period not to exceed fifteen (15) consecutive days, during which limited period the inmate was denied all mailing and visiting privileges (except that an inmate confined to isolation was allowed to receive visits from his attorney) and was not allowed to have his personal legal materials, prison law library books, or consultations with non-lawyer legal advisors.

7. Pursuant to this policy, the plaintiff, between November 17 and December 2, 1971, was not allowed any mail privileges and was not allowed to have either his personal legal papers or prison law books in his isolation cell.

8. The defendants followed the Illinois Department of Corrections policies concerning isolation during the periods of time alleged in the complaint in good faith and with the honest belief that said policies conformed to announced legal principles and standards relevant to the subject matter of the department policy.

9. The Illinois Department of Corrections on February 15, 1972 issued Administrative Regulation 806, which became effective April 3, 1972, and which provided in paragraph 6(E) that inmates confined to disciplinary isolation were to receive normal visiting privileges and legal mail privileges, thus changing the departmental policy applicable to isolation which was in effect at the time plaintiff was confined to isolation.

10. None of the officials who carried out defendant Bensinger's orders was made a party to this suit.

11. The defendants are sued only by virtue of their supervisory roles.

12. The plaintiff did not name any individual responsible for violating his civil rights.

13. At no time is it charged, and there is no evidence, that either defendant Bensinger nor defendant Twomey had any personal knowledge of the occurrences of which the plaintiff complains.

14. Until this suit was filed, neither defendant Bensinger nor defendant Twomey had any notice of the occurrences of which the plaintiff complains.

15. The defendants never ordered, authorized, or tolerated any conduct by their subordinates toward the plaintiff which was not accorded to any and all other inmates.

16. The defendants acted in good faith at all times concerning the plaintiff. Neither defendant Bensinger nor defendant Twomey had any direct personal contact with the plaintiff or personally ordered the performance of any of the acts of which the plaintiff complains. All such acts were performed by subordi-

nates of the defendants acting under their direction to carry out state orders.

17. Plaintiff is not entitled to an allowance of statutory good time.

18. The regulations currently in force at Stateville do in fact permit effective challenge of punitive isolation by inmates other than those who have retained counsel or are sufficiently learned in the law to challenge their confinement effectively without advice and without the tools of legal research.

## Conclusions of Law

■ 1. The plaintiff herein is not entitled to money damages, such damages being inappropriate where the standards on which liability is grounded have not been clearly announced at the time of the conduct alleged in the complaint. Slate v. McFetridge, 484 F.2d 1169, 1174 (7th Cir. 1973); Miller v. Twomey, 479 F.2d 701, 719 n. 38 (7th Cir. 1973). See Pierson v. Ray, 386 U.S. 547, 557, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

■ 2. Although the constitutional guarantee has been interpreted to afford state prison inmates reasonable access to the courts (Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); Sostre v. McGinnis, 442 F.2d 178 (2d Cir. 1971), cert. denied, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740; Nolan v. Scafati, 430 F.2d 548 (1st Cir. 1970); Sigafus v. Brown, 416 F.2d 105 (7th Cir. 1969), the control of mail to and from prison inmates is necessary to the proper administration of state penal institutions. See Wolff v. McDonnell, —— U.S. ——, 94 S.Ct. 2963, 41 L.Ed.2d 935 (June 26, 1974); Sostre v. McGinnis, supra, 442 F.2d at 201–202; Hatfield v. Bailleaux, 290 F.2d 632 (9th Cir. 1961), cert. denied, 368 U.S. 862, 82 S.Ct. 105, 7 L.Ed. 2d 59.

3. The defendants acted in the good faith belief that the denial of mail privileges and access to legal materials during an isolation period did not violate an inmate's rights, and in so acting they were enforcing a previously-announced policy of the Department of Corrections. Such action on the part of the defendants was not unreasonable in the light of then-existing legal standards. See Hatfield v. Bailleaux, supra.

4. The defendants supervised and ordered the enforcement of the law, rules and regulations equally and fairly as they were advised and directed by the Attorney General of the State of Illinois during the period in question, and the treatment accorded to the plaintiff by their subordinates during that time was in accordance with the law.

■ 5. At no time did the defendants or either of them use their office as a cloak to violate plaintiff's civil rights; rather, at all times the defendants acted within the law in performing their duties concerning the plaintiff.

6. Plaintiff is not entitled to any injunctive relief.

## JUDGMENT ORDER

This consolidated cause came on for hearing before the court following remand by the United States Court of Appeals. The court having heard evidence and argument of counsel and having this day entered simultaneously herewith its Findings of Fact and Conclusions of Law, in accordance therewith

It is ordered, adjudged and decreed that judgment be and it is hereby entered in favor of defendants and against plaintiff; that the injunctive relief sought by plaintiff be and it is hereby denied; that plaintiff take nothing for money damages, and that this cause be and it is hereby dismissed on the merits.